Carhart & Ross & Co. *vs.* Ross & Co.

No. 20.—CARHART & ROSS & Co., plaintiffs in error, *vs.* JNO. B. ROSS & Co., defendants in error.

[1.] Defaulting garnishees, under the Act of 1834, are subject to rule *nisi*, and then to judgment for the plaintiff's demand and costs, unless they show cause, at or by the time designated: *Held*, that the answer being actually filed within a few days after the time limited in the order, and before the case was reached on the docket, accompanied by the affidavits of the parties and their counsel, that it was impossible to have access to the original papers, which were withdrawn from the Clerk's office, was sufficient.

Garnishment, in Bibb Superior Court.   Tried before Judge POWERS, Nov. Term, 1853.

Ross & Co., on the 21st day of March, 1853, sued out an attachment against Ptolemy Watkins, for $300, returnable to May Term, 1853, of Bibb Superior Court.   The attachment was levied on 9 boxes of tobacco; and summons of garnishment served upon Elijah H. Carhart and Aaron A. Ross, both as individuals, and as partners, on the day the attachment was issued.   At the November Term, 1853, verdict and judgment were rendered, and entered up for the plaintiffs on the attachment.

At the May Term, 1853, to which the attachment was returnable, counsel for plaintiffs took a rule *nisi*, calling upon the garnishees, Carhart & Ross, both as individuals and as partners, they having filed no answer to the garnishment, to show cause, by the first day of the next term of the Court, why judgment should not be entered up against them, for the amount of the plaintiffs' demand and costs, and that said rule be served, &c".   At the November Term, 1853, the following order was taken : "it appearing that the above rule was not copied and served by the Clerk, it is ordered, that the same be now served by the Sheriff, as required; and that the said Carhart & Ross do show cause on or before 10 o'clock, A. M., on Monday, 21st November, 1853, why the judgment prayed for in the above rule, should not be entered up against them".

Carhart & Ross & Co. *vs.* Ross & Co.

On the 8th day of December, during the session of said Court, counsel for plaintiffs moved the Court to enter fina judgment on the rule, against the garnishees, Carhart & Ross; which motion was resisted by Carhart & Ross, who had, on the 29th day of November, filed their answer to the garnishment, and which was then in Court. As an excuse, and in purgation of all contempt of Court, in not filing their answer within the time specified in the last order taken, to wit: the 21st day of November, they exhibited the affidavit of Thomas P. Stubbs, one of their attorneys at law, which stated, in substance, that so soon as the order was taken, he applied to the Clerk of the Court for the original summons of garnishment; that the same could not be found, until after the expiration of the time limited in the order; that when found, it was in the hands of the attorneys for the plaintiffs. The garnishees also stated, under oath, that so soon as they were served, to wit: on the 16th day of November, with the order requiring them to answer the garnishment, they applied to Messrs. Stubbs & Hill, to make out and prepare their answer, and that they were unable to do so, in consequence of the loss of the original garnishment; that they did not intend to evade answering, or in any way treat the order of the Court with contempt.

The Court decided that the answer of the garnishees was filed too late, and gave judgment against them, for the whole amount of the plaintiff's claim, with costs.

To which decision, counsel for garnishees excepted.

Stubbs & Hill, for plaintiffs in error.

Hall & Carey, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] Was the Court right, in ruling that the garnishees having failed to file their answer on the day designated in the order for that purpose, they were remediless at Law, and could only be relieved in Equity?

Carhart & Ross & Co. vs. Ross & Co.

The Act of 1834 provides, " that where a person shall fail to answer, after being duly summoned as garnishee, the Court, upon the motion of the plaintiff, or his attorney, shall pass a rule or order, requiring the garnishee to answer, at such time as the Court may direct, or show cause why judgment should not be entered against him, for the amount of the plaintiff's demand and costs; which rule shall be served by the Sheriff or his Deputy; and if the garnishee shall fail to answer or show cause, at or by the time limited in the said rule or order, the Court shall enter judgment against the garnishee, for the amount of the plaintiff's judgment, with costs". (*Cobb's Digest*, 83, 84.)

Is the language of this Act so imperative, that non-compliance, with or without excuse, will subject the garnishee to a judgment, under any and all circumstances? Will not even the act of God, sickness, high-waters, or any other Providential cause, protect him from this amercement? Such, we do not believe to be the meaning of the Legislature.

By the Act of 1832, judgment was rendered against the garnishee, immediately on failure to answer. But this provision was esteemed too rigorous, and justly so; and it was repealed by a subsequent Act.

The garnishee, under the Law, as it now stands, files his answer at the time designated, or shows some sufficient cause for not doing so. It is admitted, that upon application and cause shown, on the 21st of the month, the day specified for the answer to be filed, the time would have been enlarged. But why anticipate the case, and call it up out of its order, for this purpose. Long before it was reached, and probably before judgment was rendered against Watkins, the debtor, the answers of the garnishees were filed, accompanied with a satisfactory excuse, for not doing it sooner.

The answer being in, when the case was reached, in its order for trial, I am very much inclined to think that the Court, in the absence of any showing, would have allowed it to be filed. True, the plaintiff should not be prejudiced by the delay. And if he required further time to traverse the return,

it should be allowed him. But we are clear, that the reason rendered, to wit: the impossibility of getting access to the papers, which had been withdrawn from the office, was entirely sufficient to entitle the party to the indulgence which he claimed—if, indeed, it could be considered as an indulgence.

Judgment reversed.