Harris *vs.* Breed & Co.

---

DANIEL HARRIS, plaintiff in error, *vs.* J. B. BREED & Co., defendants in error.

Where the Court below ordered a garnishee to perfect an answer to which exceptions had been filed, and the garnishee neglected to answer until the garnishment was called, on the motion docket, at the next term after the order had been passed, and even then, though present in Court, insisted on leave to answer at an adjourned term, which the Court had determined to hold, and the Court permitted the plaintiff to enter a judgment against the garnishee:

*Held,* That this Court will not control the discretion of the Judge below, in refusing, at the adjourned term, to set aside the judgment, and permit the garnishee to answer.

Garnishment. Motion to set aside judgment. Decided by Judge WORRILL. Muscogee Superior Court. February, 1868.

J. B. Breed & Co. sued Ritter & Porter, and *pendente lite* had summons. of garnishment served on Daniel Harris, on. the 16th of February, 1867. He answered at the first term, but the Court, for some cause not stated, required him to answer over. On the 22d of November, 1867, having had judgment against Ritter & Porter, and Harris having failed to answer over, they entered up judgment against Harris. The Court adjourned over from the 22d of November, 1867, till February, 1868.

On the 21st of February, 1868, Harris moved to set aside the judgment against himself, in order to allow him to answer said summons. The reasons urged by him in support of his motion were these: He was instructed by his counsel, when he appeared to file his answer thereto, at the opening of the session of said November term, to appear on some other day, before the final adjournment of the Court for that term, and file it, as it would do as well on any other day during the term. As there was much business in the Court, he was advised that it would not adjourn in at least a week later than it did, and that, at divers other times, he attended the Court during said November session, for the purpose of answering said summons, but, at all such times, finding his counsel engaged and the Court occupied with other business, he could not do so. He was always ready to answer in terms of the law. The Court adjourned in November until February, 1868, unexpectedly to both himself and his counsel, and because of this adjournment, he failed to make said answer. The cause on the motion docket was not called till a few minutes before said adjournment, and neither he nor his counsel had been forewarned of said adjournment. They were taken by surprise, and objected, at the time, to a judgment being entered against Harris, insisting to be allowed to make said answer during the term at said February session in 1868, which objection the Court then overruled, and allowed the judgment entered.

The statements seem to have been admitted, but the Court refused to set- aside the judgment, and this is assigned as error.

C. R. RUSSELL, THORNTON, for plaintiff in error, cited 18 *Ga. R.*, 650; Code, secs. 3228, 3485; 15 *Ga. R.*, 186; 30 *Ga. R.*, 923.    Drake on Attachments, 658.

L. T. DOWNING, (represented by GEO. S. THOMAS,) cited Irwin's Code, secs. 3228, 3485, 3530, and Drake on Attachments, 658, E.

McCAY, J.

Whilst it is, as a general rule, true, that during the term, the judgments of a Court "are in its own breast," and may, for good reasons, be vacated; yet, it must be a strong case to induce this Court to interfere with that discretion that must necessarily be lodged with the Judge in such matters. This is only a Court for the correction of ERRORS IN LAW, and there must be an abuse of the discretion of the Court below to make his action error of law. This party had his day in Court fairly. If he neglected his duty; if he failed, without good reason, to answer by the time of the calling of the case, he was in *laches*. Had he, even then, proposed to answer, the Court probably would have heard him; but as he, instead of answering, set up a *right* to answer at the adjourned term, and the Judge has seen fit not to come to his aid, and undo its proceedings for his accommodation, and as in that we do not think the Court has abused its discretion, we affirm its judgment.