*Trippe, Judge.
We do not think the Judge’ abused his discretion in permitting the garnishee to file his answer at the time he did. The main defendant had been adjudged a bankrupt. It is true the judgment had been set aside, but proceedings were still pending in bankruptcy, and this was the reason the garnishee gave why he had not filed his answer before the jury was discharged, not believing that judgment could be taken against the principal debtor. The Court below seemed to think the fact that the pendency of the involuntary proceedings in bankruptcy suspended the jurisdiction of the State Court. There is some authority which goes to that extent, and this Court is not prepared unanimously to hold to the contrary. For myself, I do not think that such proceedings, before an adjudication of bankruptcy, affects a suit pending in the State Court, and that the weight of authority and principle are on that side. But with the difference of opinion that exists, and a party, under the advice of counsel, fails to file his answer in time, not believing that the Court would proceed further in the main suit, shall he be adjudged in contempt, (for it is as a quasi contempt,) and be adjudged to pay the whole debt ? Though the last day of grace in such cases may seem to have passed, it is not always that the door is finally closed. In Carhart & Ross vs. Ross & Company, 15 Georgia, 186, when the day fixed in the rule taken under the law, as it then stood against a defaulting garnishee, had expired, he was still allowed to file his answer, on showing that the delay was occasioned by loss of papers, or, rather, by their being misplaced;
Judgment affirmed.