BEARDEN vs. THE METROPOLITAN STREET RAILROAD CO.

Where a summons of garnishment was returnable to the June term of the city court, and no answer was filed at that term, and at the December term the case was reached in its order, and still no answer was filed, and no reason was assigned for such failure, it was error to allow counsel for the garnishee "further time to look into the matter," and to refuse to strike the answer of the garnishee subsequently filed, and to enter up judgment against it as in cases of default.

April 8, 1889.

Garnishment.   Practice.   Before Judge VAN EPPS. City court of Atlanta.   December term, 1887.

Reported in the decision.

H. L. CULBERSON and DUDLEY CAMPBELL, for plaintiff.

HAYGOOD & DOUGLAS, for defendant.

SIMMONS, Justice.

On May 4th, 1887, the plaintiff's attorney made an affidavit for the issuance of garnishment on a judgment, obtained in Morgan county by the plaintiff, against Hanleiter, of Fulton county.   Bond was given, and the constable served J. W. Rankin, president, personally, with a summons of garnishment, on May 9th, 1887.   The garnishment was made returnable to the June term, 1887, of the city court of Atlanta. The city court was in session nearly five months during said June term.   The December term of said court commenced early in December, 1887.   No answer was filed during the June term of the court.   On the 14th of January, 1888, the case was reached in its order, and there was still no answer filed to the summons.   Counsel for the plaintiff moved the court to enter up judg-

ment against the garnishee. Counsel for the garnishee asked for "further time to look into the matter," which was allowed by the court, and he afterwards brought in and filed an answer; whereupon counsel for the plaintiff moved the court to strike the answer of the garnishee and enter up judgment against him, as in cases of default; which motion was denied by the court, and the plaintiff excepted and assigned error thereon.

We think the court erred in allowing this answer to be filed at the time it was, and in not striking it on motion of the plaintiff's counsel. The code, §3304, declares it to be the duty of the garnishee to answer at the first term at which he is required to appear. If he fail to appear and answer at that term of the court, the case shall stand continued until the next term of the court; and if he should fail to appear and answer by the next term, the plaintiff may, on motion, have judgment against him for the amount of the judgment he may have obtained against the defendant. Here there was a failure to answer at the first term of the court, and a month and a half of the second term had expired, and there was no answer. The case was reached in its order, and the plaintiff was entitled, under the law, to a judgment against the garnishee, unless the garnishee had then and there shown sufficient cause to the court why he had not answered before that time. In this case no cause was shown or attempted to be shown why he had not answered, no reason assigned and no explanation given to the court by the garnishee or his counsel. From aught that appears in this record, it was pure neglect and nothing else. Without some cause assigned or some reason or explanation given, the court has no discretion to allow the garnishee time to file his answer. We do not think it is within his

discretion to delay the plaintiff, in order to give counsel for the garnishee time "to look into the matter." If the garnishee had been present when this case was reached in its order, and had proposed then to file his answer, and the court had allowed it, as was done in the case of *Wall vs. Shippard*, 30 *Ga.* 923, we would not have interfered with his judgment. But that is entirely different from giving counsel time to look into the matter and see if he has a defence. The cases of *Housmans vs. Heilbron*, 23 *Ga.* 187, and *Carhart vs. Ross & Co.*, 15 *Ga.* 188, relied on by counsel for the defendant in error, were decided before the act of 1856, code, §3304. The case of *Harris vs. Breed*, 38 *Ga.* 297, cited by counsel for the defendant in error, was a case where the court refused to set aside a judgment entered up against the garnishee for his failure to answer. In the case of *Emanuel vs. Smith & Richmond*, *Id.* 602, this court say: "It is the duty of the garnishee to appear at the second term of the court and file his answer. This should be done before the case is reached in its order on the docket. If the garnishee appears when the case is called in its order, the court may allow him time to file his answer before it is heard. But if he fails to appear and answer, and the case is disposed of in its order on the docket, and the presiding judge refuses to set aside the judgment rendered against the garnishee, this court will not (unless in extraordinary cases) control the discretion of the court below."

In the case of *McCallum & Bro. vs. Brandt*, 48 *Ga.* 439, the garnishee had failed to answer, but at the time the case was called assigned a good reason to the court why he had not answered; and the court refused to allow judgment against the garnishee. This court held that there was no error in the refusal of the court below to allow judgment against the garnishee for the reason

assigned by the garnishee when the case was called. In the case of *Russell vs. The Freedman's Savings Bank*, 50 *Ga.* 575, where the trial judge set aside a judgment against the garnishee on the coming in of his answer, showing a sufficient legal excuse, this court held that he did right. All these cases go upon the principle that where the garnishee has failed to answer, but gives a good and sufficient reason for the failure, it is then within the discretion of the court as to whether he will allow judgment against him or not. But there is no case that we can find where the judge has allowed the garnishee time, after the case is called, to look into the matter and ascertain whether he has a defence or not, without giving any reason or explanation for his failure to file his answer up to that time. In such a case the law seems to us peremptory, and there is no discretion left to the judge. For these reasons we reverse the judgment of the court below.

Judgment reversed.