MOORE, SON & COMPANY *v.* HILL *et al.*

87　91
87　97

A judgment allowing garnishees to file their answer after default for not answering, is not final but leaves the garnishment still pending. The same is true of a failure or refusal of the court to sustain a motion by the plaintiff to dismiss a written statement filed by the garnishees setting forth grounds of attack on the affidavit, bond and summons of garnishment. Complaints like these being matters for exception *pendente lite* only, a writ of error based on them alone, and not assigning error upon any judgment or decision final in its nature, will not be entertained. Code, ₴4250.

March 30, 1891.

Practice in Supreme Court.

Reported in the decision.

ROSSER & CARTER, for plaintiffs.

HENRY JACKSON, for defendants.

BLECKLEY, Chief Justice.

" No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause. But, at any stage of the cause, either party may file his exceptions to any decision, sentence or decree of the superior court; and if the same is certified and allowed, it shall be entered of record in the cause ; and should the case, at its final termination, be carried, by writ of error, to the Supreme Court by either party, error may be assigned upon such bills of exception, and a reversal and new trial may be allowed thereon, when it is manifest that such erroneous decision of the court has or may have affected the final result of the case." Code, §4250.

The garnishment is still pending in the court below, and the main judgment excepted to is one rendered on the 20th of November, 1890, which reads thus : " On

motion of the counsel of the garnishees that the within
answer be now filed, and after hearing and considering
the evidence submitted in connection with said motion,
it is ordered that the same be allowed." Had leave to
file the answer been denied instead of granted, the de-
nial would have left the garnishment still pending.
So far as appears, no adjudication final in its nature has
been made in the case. *Haygood* v. *Georgia Banking Co.*,
60 *Ga.* 291. The garnishees have not been discharged,
nor was it too late to traverse their answer when this
writ of error was sued out, the term of the court at
which the answer was filed being then unexpired. The
plaintiff resisted the filing of the answer because it came
too late, but the court on the cause shown was of opin-
ion that it did not come too late, and permitted it to be
filed. This did not *ipso facto* terminate the garnish-
ment proceeding, but was subject-matter for exception
*pendente lite* only. The bill of exceptions contains an-
other exception and assignment of error. It says :
"The court also erred in not dismissing the grounds
Nos. 1, 2, 3 and 4 shown by garnishees why judgment
should not be rendered against them, and in not hold-
ing that they presented matters of no concern to the
garnishees; and to this the plaintiffs except." The
facts on which this exception is based are as follows :
The garnishees had filed a written statement embrac-
ing four grounds on which they objected to judgment
being entered up by the plaintiffs against them irre-
spective of any question as to an answer. These
grounds went to the sufficiency of the affidavit and
bond on which the garnishment was sued out, and to
the competency of the notary public by whom the sum-
mons of garnishment was issued. On the 15th of No-
vember, counsel for the plaintiffs moved to dismiss each
and all of these grounds, " but over the objections of
plaintiffs the court held up the case until November

·20th, 1890, and then passed an order," etc., the order being the one copied above allowing the answer of the garnishees to be filed. Had the court sustained the motion to dismiss instead of passing it by without disposing of it, that is, if the decision had been rendered as claimed by the plaintiffs, this would not have been a final disposition of the cause, for the garnishment would have been left still pending. Obviously, therefore, the refusal of the court to pass upon or sustain the motion was matter for exception *pendente lite,* and cannot be the basis of a writ of error to this court whilst the cause is pending below.

It appears from the bill of exceptions that the plaintiffs made a motion to enter up judgment against the garnishees for want of an answer, and that the motion was not granted. But the refusal or failure to grant this motion is not excepted to, although it could have been. The determination of the motion in the way claimed by the plaintiffs would have been a final disposition of the cause, and hence denial of the motion was ground for a writ of error. For some reason which is not disclosed in the record, the plaintiffs have acquiesced in the only thing, affirmative or negative, which would afford them a standing in this court, and have presented for review matters proper for exception *pendente lite.* This was not the course pursued in *Bearden* v. *M. S. Railroad,* 82 *Ga.* 605.

*Writ of error dismissed.*