## O'NEILL MFG. CO. v. AHRENS & OTT MFG. CO.

1. When a plaintiff sues out a garnishment proceeding and the proper officer returns that he has served the garnishee with a summons of garnishment, the return means that the summons served directed the garnishee to file his answer in the court in which the garnishment proceeding was pending.

2. Where in response to a motion to enter judgment against a garnishee, alleged to be in default as to the matter of answering, the latter set up that the summons served upon him had actually directed him to make answer in another court, this was in effect a traverse of the truth of the officer's return of service; and where in such case the garnishee not only failed, but expressly declined, to make the officer a party, there was no error in striking the answer to the plaintiff's motion to enter judgment, or in entering a judgment in the plaintiff's favor against the garnishee.

3. Where a garnishee was in default in making answer at the term at which he was directed so to do, and also at the next term thereafter, there was no error, after the lapse of several other terms, in refusing to allow the garnishee to then answer the garnishment.

Submitted March 17,—Decided May 14, 1900.

Garnishment. Before Judge Henry. Floyd superior court. January term, 1899.

*Reece & Denny,* for plaintiff in error.
*Henry Walker,* contra.

LEWIS, J. Ahrens & Ott Manufacturing Company filed a petition in Floyd superior court against O'Neill Manufacturing Company, alleging that petitioner obtained a general judgment against one Patton at the July term, 1895, of Floyd superior court, and a fi. fa. issued thereon, upon which there is now an unpaid balance owing to plaintiff. Upon this judgment it sued out and had served a summons of garnishment on December 4, 1896, returnable to the January term, 1897, calling upon garnishee to answer what it was indebted to, or what property and effects it had in its possession belonging to, the defendant Patton. It was further alleged that no answer had been filed in response to said summons, and that in respect to the process served December 4, 1896, the case now pending in court is even now and has been in default since the July term, 1897, of that court. Plaintiff moved that the court issue an order, and that the garnishee show cause on the 10th of April, 1899, during the call of

the motion docket, why plaintiff should not have judgment against O'Neill Manufacturing Company for the balance of its debt and costs. At the time designated the garnishee appeared and answered the motion. In its answer it admitted that the original garnishment proceeding and bond had entered upon it a service of garnishment upon it on December 4, 1896; but alleged that it had answered every garnishment that had been served upon it in this proceeding, and had filed such answers at the time directed by the summonses served; that on or about December 4, 1896, it was served with a summons of garnishment, which, according to its best recollection and belief, was in this case, and said summons directed it to make answer at the next succeeding term of the city court of Floyd county, and it made answer thereto accordingly to the city court of Floyd county. It further traverses the return of the officer dated December 4, 1896, and says that the summons of garnishment was not in fact served upon O'Neill Manufacturing Company, as appears by the return of the officer; and, by way of amendment to its answer, tendered an answer to the garnishment, denying any indebtedness to the defendant, and prayed that it be allowed to file the same nunc pro tunc. It appears from a recital in the bill of exceptions that the garnishee at the hearing expressly declined to make the officer who made the return of service of summons of garnishment, dated December 4, 1896, a party to the traverse and proceedings in the case. The court, after hearing the case, rendered the following judgment:

"Ahrens & Ott Manufacturing Company v. William A. Patton, defendant, and O'Neill Manufacturing Company, as garnishee. Judgment and fi. fa. Garnishment, answer and issue. At January term, 1897, in Floyd Superior Court. Principal, $458.08; interest, $206.35; cost on fi. fa., $11.85. It appearing to the court, from an inspection of the record, that the plaintiff has obtained a judgment against defendant, that execution has issued thereon for the sums of money so recovered, that after allowing all payments there is now due upon said judgment the several sums of principal, interest, and cost above set out opposite the case stated; it further appearing that the above-named garnishee was, on December 4, 1896, at 9:50 o'clock

a. m., served by a constable with a summons of garnishment, returnable to the third Monday in January, 1897; that no answer has been made and filed thereto, either at the first term of this court next after, or at any subsequent term of this court; but that the garnishee in the above-entitled case is even now in default: On motion of counsel for plaintiff, the case is entered in default, and judgment upon said default is now rendered by the court in favor of the plaintiff and against the garnishee, the O'Neill Manufacturing Company, for the sum of four hundred and fifty-eight and 08-100 dollars principal debt; the sum of two hundred and six and 35-100 dollars interest to January 19, 1899; eleven and 35-100 dollars, the sum due for costs on said fi. fa., and the further sum of ———— dollars for costs in this behalf laid out and expended.   April 12, 1899.

"W. M. Henry, Judge Superior Court, Rome Circuit."

Upon this judgment the garnishee assigns error in its bill of exceptions.   The bill of exceptions also alleges error in sustaining the oral motion of counsel for plaintiff in fi. fa. to strike the answer and amended answer of the garnishee to the motion to enter up judgment against it as a defaulting garnishee; and in holding that the garnishee was in default as to answer to said garnishment, as charged and alleged in the motion to enter up judgment; and in entering up said judgment against the O'Neill Manufacturing Company as a defaulting garnishee.

1, 2.  The return of the officer in this case clearly meant that the summons was served directing the garnishee to file his answer in the court in which the proceeding was pending.  There really was no contest about this construction placed by the court upon the return of the officer.  In response to this motion to enter up a judgment by default against the garnishee, it answered that the summons served upon it actually directed it to make answer in another court.  This was, in effect, a traverse of the truth of the officer's return of service.  In such a case in order to have the issue of this traverse passed upon by the court, it is necessary to make the officer a party thereto. This the record shows the garnishee expressly declined to do. It follows, therefore, that there was no error in striking the answer to the motion to enter the judgment, or in entering a judgment in the plaintiff's favor against the garnishee.

3. It appears from the record that this garnishee had been in default for several terms.  It is insisted by counsel for plaintiff in error that it should have been allowed to file its answer nunc pro tunc at the term of the court at which this case was tried. No sufficient reason appearing in the record for allowing the garnishee to file its answer after it was in default, the court was clearly right in rejecting the same.  This does not seem to be a matter even in the discretion of the court.  In the case of *Bearden* v. *Railroad Co., 82 Ga.* 605, it appeared that the garnishee was in default, and that no reason was assigned for his failure to answer.  This court held that it was error in the judge below to allow counsel for the garnishee further time to look into the matter, and to refuse to strike the answer of the garnishee subsequently filed, and to enter up judgment against it as in cases of default.

*Judgment affirmed.  All concurring, except Fish, J., absent.*