## ATLANTA JOURNAL *v.* BRUNSWICK PUBLISHING COMPANY, and *vice versa.*

When a garnishee fails to answer within the time prescribed, the general rule is that the plaintiff is entitled to have a judgment against the garnishee; but in a case where, within three days after the plaintiff had obtained judgment against the defendant, the garnishee filed an answer denying any indebtedness to the defendant, and set forth therein good and sufficient reasons for not answering in due time, which reasons showed that the garnishee was guilty of no laches but acted in good faith, and therefore was, in justice and right, entitled to an opportunity to answer, it was error to strike the answer and enter judgment against the garnishee.

Argued June 8, — Decided August 8, 1900.

Garnishment. Before Judge Reid. City court of Atlanta. September 9, 1900.

*Hoke Smith & H. C. Peeples*, for Atlanta Journal.
*George S. Jones* and *Henry A. Alexander*, contra.

LITTLE, J.　A garnishment was sued out on January 18, 1899, by the Brunswick Publishing Company, based on a suit pending in the city court of Macon in its favor against Kennedy. A certified copy of the affidavit and bond was filed in the clerk's office of the city court of Atlanta.　A judgment was obtained against Kennedy on June 12, 1899.　On the 21st day of January, 1899, a summons of garnishment was served on the Atlanta Journal, which garnishment, it is claimed by the plaintiff, was returnable to the March term, 1899, of the city court of Atlanta.　The garnishee, according to the averments in its answer to the rule, filed an answer to the summons of garnishment in the city court of Atlanta on June 15, 1899, in which it denied any indebtedness to the defendant.　Afterwards the plaintiff filed a petition, alleging that it had brought suit against Kennedy in the city court of Macon; that on the 12th of June, 1899, it had obtained a judgment against him; that, prior thereto and after the commencement of the suit, it had caused a summons of garnishment to be served on the Journal, returnable to the March term, 1899; and it prayed that the answer filed by the garnishee in June, 1899, be stricken, and that petitioner have judgment against the garnishee for the amount of the judgment it had obtained against the principal defendant, and that the garnishee be required to show cause why the petition should not be granted.　In response to a rule served upon this petition, the garnishee answered, that it did not have notice that the proceeding was pending in the city court until the day previous to that on which it filed its answer; that the summons of garnishment served upon it required the garnishee to appear at the February term, 1899, of the justice's court for the 1026th district, G. M., Fulton county, to answer; that during that term of the justice's court, through its vice-president, it did appear there and make answer to the summons, a copy of which answer is attached to this answer; that the original summons of garnishment was lost; that on the 14th of June it was notified that the case was pending in the city court of Atlanta, and after investigation the garnishee at once filed its answer in that court.　It averred that a mistake

was made in writing the summons, and prayed to be discharged. This answer was verified by an officer of the Journal. Much evidence was had on the question whether the summons of garnishment really directed the garnishee to answer to the city court or to the justice's court. Without going into this evidence, it is sufficient to say that while that offered by the Journal was positive and explicit that the summons required it to appear and answer at the justice's court, that of the movant tended to show that the summons required the garnishee to answer in the city court. After the evidence was heard, the trial judge sustained the prayer of the petition, and rendered a judgment against the garnishee in favor of the Brunswick Publishing Company for the sum of $239.95, with interest and cost. The Journal excepted to this ruling. The Publishing Co. sued out a cross-bill of exceptions, in which it alleged that the garnishment papers with all entries thereon, including the return of the constable, being before the court, and it not appearing that any traverse had been filed to the return of the constable, nor that that officer had been made a party, a motion was made to strike the answer to the petition, and for a judgment against the garnishee, because the answer to the petition was insufficient in law, because no traverse was filed to the return of the officer, and the officer was not a party to the proceeding, and because the answer offered to be filed to the garnishment was too late; and that the court overruled this motion and the Publishing Co. excepted. The main and cross-bill of exceptions were argued together and treated as one case, and will be so considered here.

It is claimed by the Publishing Co. that the question made in the cross-bill of exceptions has been decided in its favor by the recent case of *O'Neill Mfg. Co.* v. *Ahrens & Ott Mfg. Co.*, 110 *Ga.* 656. Some of the points decided in that case are controlling as to similar points here. As an example, under the case cited it must be ruled that the return of the constable made in the case at bar meant that the summons of garnishment, which he served, directed the garnishee to file its answer in the city court of Atlanta. If the present case depended on the question whether or not the summons did so direct the garnishee, then the case cited would be conclusive of the question in favor of

the Publishing Company. It is also true that that part of the answer of the garnishee which declared that the summons of garnishment served upon it directed it to make answer in another court was, under the ruling made in the *Ahrens* case, a traverse of the truth of the officer's return, and, in order to have the issue raised by such traverse passed upon, it would have been necessary to make the constable a party, and it is also true that this the garnishee in the present case did not do. So far, the two cases are analogous; but the main issues of law involved in the two cases are essentially different, and therefore the two cases are clearly distinguishable. In the *Ahrens* case the plaintiff filed a petition against the garnishee, alleging that it had obtained a general judgment against the defendant; that on this it had sued out a summons of garnishment on Dec. 4, 1896, returnable to the January term, 1897, of the superior court, and had the same served on the garnishee; that no answer had been filed in response to the summons, and that the case was in default since the July term, 1897, of the superior court. It prayed for an order that the garnishee show cause why the plaintiff should not have judgment against it. The garnishee answered this petition, and admitted the service of the garnishment, but alleged that it had answered every garnishment that had been served upon it, and had filed its answer at the time directed by the summons; that the summons of garnishment served in that particular case, according to its best recollection and belief, required it to make answer in the city court, and that it had made answer thereto. This answer then denied that summons of garnishment was properly served upon it. It then tendered an answer denying indebtedness, and praying that it be allowed to file the same nunc pro tunc. Moreover, it distinctly appears from the record of that case that the garnishee was offered an opportunity to traverse the officer's return, and failed to do so. In the case at bar, while the garnishee affirms under oath that the summons it received directed it to answer in the justice's court, and it did not make the officer serving the summons a party, it sets up additional and distinct reasons why the judgment prayed for should not be rendered against it. While, therefore, the garnishee did not in this case occupy the advantageous posi-

tion to which it would have been entitled had the traverse been filed, let us inquire if the reasons just referred to were not good and sufficient to defeat the motion for a judgment against it. These are, that it acted in good faith; that it did appear at the justice's court in response to the requirement of the summons, and answered the garnishment, a copy of which it attached to the answer to the rule; that it owes the defendant nothing; that it discovered, on the 14th of June, that the garnishment case was really pending in the city court, and that it appeared in said court on the 15th and filed its answer. For aught that appears, this answer, while out of time, was made before the calling of the garnishment case on the docket, and, as it is provided by the Civil Code, § 4726, that the plaintiff shall not have judgment against the garnishee until he has obtained judgment against the defendant, under no circumstances could the plaintiff have obtained a judgment against the garnishee until the 12th of June, three days before the garnishee answered. The delay to the plaintiff could not have been very material.

It is true that the Civil Code, § 4551, provides that if the person summoned as garnishee fails to appear and answer at the first term, the case shall stand continued until the next term; and that if he should fail to appear and answer by the next term, the plaintiff may on motion have judgment against the garnishee for the amount of the judgment he has obtained against the defendant. It is likewise true that the rights of the diligent creditor require a prompt compliance with the law on the part of the garnishee. It has, however, been repeatedly ruled by this court that circumstances may arise in which the garnishee ought not to have judgment rendered against him for failure to answer at the exact time required. Garnishment is but a substitute for a proceeding in equity. *King* v. *Carhart,* 18 *Ga.* 656. The words of section 4551 are, if the garnishee fails to appear and answer by the next [second] term, the plaintiff *may* on motion have a judgment, etc. It is not an inflexible rule that he shall. While the courts will, and ought to, require a prompt compliance with the summons of garnishment, the repeated rulings of this court authorize further time to be given the garnishee under exceptional circumstances. In the case of *Carhart* v. *Ross,* 15 *Ga.* 186, it was ruled that the

answer being actually filed within a few days after the time limited in the order, and before the case was reached on the docket, accompanied by the affidavits of the parties and their counsel that it was impossible to have access to the original papers which were withdrawn from the clerk's office, was sufficient. In the case of *Clark* v. *Chapman*, 45 *Ga.* 486, Judge McCay, delivering the opinion of the court, says: "The law requires the answer to be at the first term. We see no objection to giving time until the judgment goes against the principal debtor, and have several times ruled that the court may indulge the garnishee till that time. Perhaps there is no objection to the indulgence, for good reasons, up to a reasonable time before the dismissal of the juries." In the case of *McCallum* v. *Brandt*, 48 *Ga.* 439, a defaulting garnishee moved the court, after the discharge of the juries, to be allowed to file his answer denying indebtedness, and, for cause why the answer was not filed before, showed that the original defendant had been before that time, in proceedings in involuntary bankruptcy, adjudged a bankrupt, that a new trial had been granted, and the proceedings in bankruptcy were still pending. It was ruled there that the court did not abuse its discretion in permitting the answer to be then filed. In delivering the opinion Judge Trippe says that when "a party, under the advice of counsel, fails to file his answer in time, not believing that the court would proceed further in the main suit, shall he be adjudged in contempt (for it is as a quasi contempt), and be adjudged to pay the whole debt? Though the last day of grace in such cases may seem to have passed, it is not always that the door is finally closed." In the case of *Russell* v. *Bank*, 50 *Ga.* 575, this court ruled, that when a garnishee failed to answer, through a mistake as to his legal duty, and judgment was rendered against him for a much larger sum than he had in hand, the discretion of the court in setting aside the same, on motion made during the term, will not be controlled; and Judge Warner in delivering the opinion in that case said: "The general rule undoubtedly is, that the courts will not set aside a judgment against a garnishee who fails to answer, unless some good and satisfactory reason be shown therefor, to be judged of by the court."

In the case of *Bearden* v. *Railroad Co.*, 82 *Ga.* 605, it was

ruled by this court, that where a summons of garnishment was returnable to the June term of the city court, and, no answer was filed at that term, and at the December term the case was reached in its order, and still no answer was filed, and no reason was assigned for such failure, it was error to allow counsel for the garnishee "further time to look into the matter," and to refuse to strike the answer of the garnishee subsequently filed, and to enter up judgment against it as in cases of default. The previous adjudications of this court were reviewed in the case last cited, and the conclusion of our present Chief Justice, who delivered the opinion, after a consideration of the rulings made theretofore, was: "All these cases go upon the principle that where the garnishee has failed to answer, but gives a good and sufficient reason for the failure, it is then within the discretion of the court as to whether he will allow judgment against him or not. But there is no case that we can find where the judge has allowed the garnishee time, after the case is called, to look into the matter and ascertain whether he has a defense or not, without giving any reason or explanation for his failure to file his answer up to that time. In such a case the law seems to us peremptory, and there is no discretion left to the judge." With this statement of the rule we are in entire harmony, and are of the opinion that the trial judge ought not to have stricken the answer of the garnishee in this case and entered a judgment against it in favor of the plaintiff. As we view the record, there is no evidence of bad faith upon the part of the garnishee. If it be assumed, which it must, under the ruling in the *Ahrens* case, that the summons of garnishment in fact directed the Journal to answer in the city court, there can still be no question that the garnishee in good faith understood the summons differently, because it did appear at the time named in the summons in the justice's court and file its answer. While, therefore, concluded by the fact that the summons was as stated, it surely was not estopped to deny that it made an honest mistake as to this fact, and that because of this mistake it in good faith made answer in the magistrate's court and failed to answer in due time in the city court. It is not the object of the law to make one man pay the debt of another. The purpose of the garnishment law is

to impound property belonging to a debtor, in the hands of a third person; and while such third person must promptly respond to the call of the plaintiff to answer, if he is prevented from doing so on the day named, by accident, mistake, or any unavoidable circumstance for which the law will have regard, but does appear and file his answer in time for the plaintiff to reap the reward of his diligence, and without putting the plaintiff to any unnecessary delay, in the absence of bad faith or collusion, and where the garnishee has endeavored to prevent any delay by promptly filing an answer as soon as the circumstances will admit, there is no equitable reason why the answer should not be allowed to stand, and the rights of the parties determined on the merits as they shall be made to appear by investigation.

Judgment reversed. On cross-bill, affirmed. All concurring.