4092. MASHBURN *v.* HARRELL.

RUSSELL, J. The garnishee failed to file an answer on the first day of the second term, and the plaintiff, having previously obtained a judgment against the defendant, moved the court to permit him to enter judgment against the garnishee for the amount of his judgment. The court refused this motion. After being in session for two days, the

court took a recess on account of illness of the judge, but passed an order allowing all parties until March 1, 1912, to file answers and defenses as they might see fit; and thereupon the garnishee filed an answer denying any indebtedness to the defendant. The plaintiff moved to strike the garnishee's answer; and, in response to this motion, the garnishee filed a sworn answer, stating, in substance, that he was under the impression that he was to testify in the matter orally; that the case was not put on the calendar in accordance with the custom and practice of the attorneys at law at Moultrie, Georgia, to arrange and publish a calendar; and that the case was never called in its regular order; that his answer as garnishee, denying that he owed the defendant anything, was filed during the second term of the court; and that he had not damaged or injured the plaintiff in any way by failing to answer sooner, nor used any bad faith or colluded with any one to defeat the plaintiff in the collection of his debt. Upon this showing the court overruled the motion to strike the answer to the garnishment. *Held:* The garnishee was required to answer by the first day of the second term. *Averbach* v. *Spivey,* 122 *Ga.* 18. And though the court might, for good reasons shown, allow additional time for the filing of an answer, neither the fact that the plaintiff was under the impression that he must answer orally, nor the fact that the case was not placed upon the calendar by the attorneys, afforded any sufficient reason for refusing to permit the plaintiff to enter judgment against the garnishee. The other reasons assigned by the garnishee all depend upon matters subsequent to the date upon which his answer should have been filed, and it is evident that they could not have influenced him in not sooner filing the answer; and, for that reason, they were immaterial. It is not within the discretion of the court to extend the time allowed by law to the garnishee for filing his answer, unless the reason or explanation of the delay depends upon something more substantial than the garnishee's assertion of ignorance of the law; and the court erred in not granting the motion of the plaintiff to strike the answer of the garnishee. *Bearden* v. *Metropolitan Street Railway Co.,* 82 *Ga.* 605 (9 S. E. 603); *O'Neil* v. *Ahrens & Ott Mfg. Co.,* 110 *Ga.* 656 (36 S. E. 66).                    *Judgment reversed.*

DECIDED FEBRUARY 18, 1913.

Garnishment; from city court of Moultrie—Judge McKenzie. February 19, 1912.

*T. W. Mattox,* for plaintiff.

*James Humphreys, Grover C. Edmondson,* contra.