### 5128.    VAUGHAN *v.* BANK OF COBBTOWN.

Merely exhibiting to a party or his counsel a traverse to an answer of garnishment at the time it is filed is not such notice to the garnishee as is contemplated by the statute.

DECIDED NOVEMBER 25, 1913.

Garnishment; from city court of Reidsville—A. S. Way, judge pro hac vice. June 5, 1913.

*H. H. Elders,* for plaintiff in error.

ROAN, J.  The Bank of Cobbtown sued W. B. Vaughan in the city court, and had summons of garnishment served upon J. N. Collins.  The garnishee answered that he had $50 in his hands belonging to the defendant.  Dassie Vaughan traversed this answer and denied that this $50 belonged to W. B. Vaughan, and claimed it as her property.  The claim and traverse came on for trial, and counsel for the plaintiff moved the court to dismiss the traverse, on the ground that no written notice of it had been given to the garnishee as required by law.  The claimant replied by showing that at the March term, 1913, of the court,—the first term at which the garnishee could have answered,—the claimant traversed the answer, "and the written traverse was read to and shown to the party that made said answer, and to the counsel for the plaintiff, and that both of them read said traverse and fully understood the same, and that said case was continued by consent of all parties at the March term, 1913." The court granted the motion to dismiss the said traverse on the ground urged, and the claimant excepted.

We hold that there was no error in the judgment excepted to. Section 5287 of the Civil Code of 1910, reads thus: "The service of notice of traverse shall be perfected by the plaintiff, his agent, or attorney of record, or by proper officer of said court, either by serving the garnishee, his agent, or attorney of record in person or by leaving a copy of such notice of traverse at the most notorious place of abode of such garnishee, his agent, or attorney, or by acknowledgment of service;" and service of notice not having been perfected as required by this section of the code, there was no service in contemplation of law.          *Judgment affirmed.*