8381. SMITH *v.* MONROE OIL AND FERTILIZER COMPANY.

BROYLES, P. J.   1.  In this case, the original attachment and the answer of the garnishee having been lost, copies of the same were duly established by order of the court, without objection. From these established copies it appeared that the summons of garnishment was returnable to the April quarterly term, 1913, of the city court of Monroe, which convened on the first Monday in April, and that the answer of the garnishee was filed on July 23, 1913, during the July term of the court. The July term of the court convened on July 7, 1913, and on that day was adjourned over to July 21, 1913. Under these circumstances the answer was not made in the time allowed by law, and the court did not err in sustaining the demurrer interposed and in striking the answer. *Bearden* v. *Metropolitan Street R. Co.*, 82 *Ga.* 605 (9 S. E. 603); *Mashburn* v. *Harrell*, 12 *Ga. App.* 327 (77 S. E. 207).

(*a*) Under the other facts of the case, the fact of the adjournment of the court by the judge on July 7 (the first Monday in July) over to July 21 (the third Monday in July), as per order of the court previously published, does not affect the above ruling.

(*b*) No affidavit was filed by the garnishee to show that the summons of garnishment served on him was returnable to the July term of the court, nor did he make any explanation as to why he failed to make his answer by the first day of the second term of the court after the summons of garnishment had been served upon him. His attorneys, however, when the motion to strike the answer was made, presented an affidavit, signed by R. M. Wright (the defendant in the original attachment), and by one J. W. Smith, which stated that the original summons of garnishment served upon the garnishee required him to appear and answer at the July term of the court. The trial judge did not err in refusing to hear testimony in support of this affidavit.

'(*c*) In the established copies of the original summons and answer, by an obvious clerical error, the name "J. M. R. Wright" appears therein instead of the name of "J. M. R. Smith," the garnishee. The trial judge certifies in the bill of exceptions that no point as to this error was made, and that the established copies were in no way attacked, on the hearing before him. This being true, the plaintiff in error will be held to have waived this clerical error, and will not now be heard to bring it in question.

2. The court did not err in rendering judgment against the garnishee for the full amount of the original judgment against the defendant in attachment.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*
DECIDED JULY 5, 1917.

Garnishment; from city court of Monroe—Judge Stone. December 7, 1916.

*Walker & Roberts,* for plaintiff in error.

*R. L. Cox, W. O. Dean,* contra.