## 9518. DALTON v. MOULTRIE GROCERY COMPANY.

1. Dismissal of the writ of error is not required because of incompleteness of the record transmitted to this court in this case.

2. Where an answer to a summons of garnishment was prematurely filed, and timely exception was taken on this ground in the justice's court to which the summons was returnable, and the court sustained the exception and dismissed the answer, and no offer to amend the answer or to file another answer was made until after several subsequent terms of the court had passed, and no reason was shown for this omission, it was not error to refuse to allow such an amendment or additional answer.

DECIDED OCTOBER 15, 1918.

Certiorari; from Colquitt superior court—Judge Thomas. January 25, 1918.

*Parker & Gibson,* for plaintiff in error. *W. F. Way,* contra.

WADE, C. J. 1. The Court of Appeals may order the clerk of the court below to certify and send up any portion of the record of a case in that court which in the opinion of this court may be necessary to enable it to adjudicate fairly and fully the questions at issue; and where it is apparent that the record can thus be supplemented, the omitted portion will be so supplied and no dismissal will result. Civil Code (1910), § 6149 (4, 5). The motion to dismiss is therefore overruled; and since no additional record is necessary to present fairly and fully the questions at issue in this case, this court will not require the record to be supplemented.

2. "An answer to a summons of garnishment should not be made and sworn to until the term of the court to which the summons is returnable, but an answer prematurely made and filed is not on that account insufficient, unless it be excepted to; and when excepted to, it is amendable." *Plant* v. *Mutual Life Ins. Co.,* 92 *Ga.* 636 (19 S. E. 719). In *Dannenberg Co.* v. *Adler-May Co.,* 137 Ga. 111 (72 S. E. 906), the answer of the garnishee was prematurely filed, but no exceptions were taken thereto. If exception had been taken on this ground, the answer could have been amended (*Burrus* v. *Moore,* 63 *Ga.* 405; *Plant* v. *Mutual Life Ins. Co.* supra), and if not amended would have been subject to dismissal. In this case the answer was filed on the day before the court convened at which the garnishee was required to respond to the summons served upon him, and there was timely exception upon the ground that the answer had been prematurely filed. No amend-

ment 'to the answer was made or offered, and at a regular term of the justice's court, held several months thereafter, the magistrate granted an order sustaining the exception and dismissing the answer of the garnishee. After the dismissal of the answer there was nothing in court to amend by, and the garnishee could not on a subsequent day, during the same term of the justice's court, file an additional answer by way of amendment.

While it is true that "even where a garnishee is in default, and a judgment is rendered against [the garnishee], upon motion during the same term, setting forth good and sufficient reasons for not answering in due time, and denying indebtedness to defendant, the court is not without discretionary power to set aside the judgment and relieve the garnishee from . . injustice, . . it has been said . .. that this is not an arbitrary power, and that after the second term the court can only allow an answer to be filed by the garnishee upon showing some reason legally sufficient to excuse a previous failure to do so. *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (48 S. E. 25)." *Dannenberg Co.* v. *Adler-May Co.,* supra. See also *Russell* v. *Freedman's Savings Bank,* 50 *Ga.* 575; *Bearden* v. *Metropolitan Street Railroad Co.,* 82 *Ga.* 605 (9 S. E. 603); *Mashburn* v. *Harrell,* 12 *Ga. App.* 327 (77 S. E. 207); *Smith* v. *Monroe Oil &c. Co.,* 20 *Ga. App.* 487 (93 S. E. 105). The original answer having been stricken upon proper exception, the garnishee was in default, and the so-called amendment then offered, after the second term of the court, could only be received upon a showing setting forth good and sufficient reasons for not answering in due time. There was no reason assigned in this case why the original answer had not been amended before the exception thereto was sustained and the answer dismissed, or why a good and sufficient answer had not been filed prior to the term of court at which the proposed answer was offered and rejected. The magistrate did not err in dismissing upon exception thereto the original answer filed by the garnishee, as premature, and in declining, after the lapse of several terms of the justice's court, to receive another answer by the garnishee, either as an amendment to the answer previously stricken or as an original answer to a garnishment then in default. "Where a garnishee was in default in making answer at the term at which he was directed so to do, and also at the next term thereafter, there was no error, after the lapse of several other

terms, in refusing to allow the garnishee to then answer the garnishment. *O'Neill Mfg. Co. v. Ahrens & Ott Mfg. Co.*, 110 *Ga.* 656 (3), 659 (36 S. E. 66). The judge of the superior court erred in sustaining the certiorari and setting aside the judgment of the lower court.

*Judgment reversed. Jenkins and Luke, JJ., concur.*