## 21625. PAYNE v. BROWN CONSTRUCTION COMPANY.

JENKINS, P. J. 1. "If the defendant has not been served, and does not appear, he may take advantage of the defect by affidavit of illegality; but if he has had his day in court, he can not go behind the judgment by an affidavit of illegality." Civil Code (1910), § 5311.

2. Under the provisions of the Civil Code (1910), § 5269, a garnishee is, required to appear and answer at the term of court to which the summons is properly made returnable, and if he files an answer sooner it is premature, but is not on that account insufficient unless it be excepted to; and when excepted to it is amendable. *Plant* v. *Mutual Life Ins. Co.*, 92 *Ga.* 636, 638 (19 S. E. 719); *Dalton* v. *Moultrie Grocery Co.*, 22 *Ga. App.* 663 (97 S. E. 93).

3. While, under the provisions of the Civil Code (1910), § 5284, notice must be given to a garnishee of a traverse to his answer, if the garnishee is accessible, and if no such notice is given a judgment rendered against the garnishee is void (Civil Code, 1910, § 5286); and while, under the ruling by this court in *Haney* v. *Owens*, 39 *Ga. App.* 462 (147 S. E. 720), it has been said that a garnishee who had filed his answer at the proper time and place, in accordance with the summons, and against whom a judgment "by default" had been thereafter entered without the filing of any traverse of the answer, or notice of any sort given to the garnishee, had not had his "day in court," so that the judgment thus rendered void could be defended against by affidavit of illegality, still the provisions of the statute requiring notice of a traverse to the answer of a garnishee can not be extended so as to require notice to the garnishee of exceptions taken, not as traverse to the truth of the answer, but solely on the ground that the answer was not filed at the proper time, but was premature, and so as to authorize a holding that a garnishee who had prematurely appeared and answered could go behind a default judgment because of the failure of the plaintiff to give him notice of such an exception to his invalid answer.

4. In the instant case, while the garnishee, by the affidavit of illegality, denied service of the summons of garnishment, it appears that an answer to the summons was in fact filed, but prematurely filed, by an agent of the garnishee, whose authority so to do was in no wise disputed. Since the garnishee had thus appeared, it must be held to have had its "day in court," so that it will be bound by the judgment thereafter entered on account of the failure of the garnishee to appear and make further answer in accordance with the order of the court, entered on the exceptions taken, so requiring. See, in this connection, *Henderson* v. *Mutual Fertilizer Co.*, 150 *Ga.* 465, 466 (104 S. E. 229); *Hines* v. *Minor*, 26 *Ga. App.* 278 (3) (105 S. E. 851); *Myrick* v. *Jones-Stewart Motor Co.*, 39 *Ga. App.* 614, 619 (147 S. E. 917). Accordingly, the court erred in directing a verdict in favor of the affidavit of illegality.

*Judgment reversed. Stephens and .Bell, JJ., concur.*

DECIDED JANUARY 15, 1932.

*William E. & W. Gordon Mann,* for plaintiff.
*F. M. Gleason, Phil B. Whitaker, Edward Finley,* for defendant.