450

## 21909. MILTON COUNTY BANK v. BAGWELL.

JENKINS, P. J. 1. Under the Civil Code (1910), § 5284, a garnishee, if accessible, must be given notice of a traverse to his answer. If no such notice is given a judgment against the garnishee is void (Civil Code of 1910, § 5286), and may be attacked by affidavit of illegality. *Haney* v. *Owens*, 39 *Ga. App.* 462 (147 S. E. 720). And see *Payne* v. *Brown Construction Co.*, 44 *Ga. App.* 592 (3) (162 S. E. 410).

2. Mere presence of the garnishee in the courtroom at the time the issue made by the traverse to his answer of no indebtedness was tried and judgment rendered against him would not dispense with the right to previous written notice of the traverse as required by the Civil Code, § 5284 (*Vaughan* v. *Bank of Cobbtown*, 14 *Ga. App.* 9, 79 S. E. 1130), or amount to an appearance and a waiver of such service. Civil Code (1910), §§ 5559.

3. Since it appears, without dispute, that notice of the traverse to his answer was never served upon the garnishee in the instant case, and it does not appear that he was inaccessible, the verdict in favor of his affidavit of illegality was authorized.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 15, 1932.

*J. P. Brooke,* for plaintiff. *Vandiver & Tallent,* for defendant.