42696. MARK TEN HOMES CORPORATION v.
FIRST NATIONAL BANK OF AUBURN.
42697. MUSCOGEE CONSTRUCTION COMPANY, INC.
v. FIRST NATIONAL BANK OF AUBURN.
42698. RESIDENTIAL DEVELOPERS, INC. v.
FIRST NATIONAL BANK OF AUBURN.

DEEN, Judge. Under former *Code* § 46-105, the garnishee was required to make answer at the next term of court which commenced 10 days or more from the time the summons issued, but the premature filing of an answer did not result in dismissal, and was amendable at any time prior to judgment. *Plant & Son v. Mutual Life Ins. Co.*, 92 Ga. 636 (1) (19 SE 719); *Payne v. Brown Construction Co.*, 44 Ga. App. 592 (3) (162 SE 410). As superseded by Ga. L. 1962, p. 717, the summons now requires that answer be made "not sooner than 30 days and not later than 45 days" from its service upon the garnishee. The appellant garnishee in these cases made answer less than 30 days after service denying any indebtedness. After more than 45 days had elapsed and after a motion for default judgment had been filed but before any action thereon the garnishee offered amendments denying indebtedness both at the time of service and at all times thereafter. The amendments were disallowed, the answers stricken, and default judgments entered against them.

This procedure was error. An answer in garnishment is designed to show the indebtedness, if any, of the garnishee for two periods of time—prior to the date of service of the summons, and also the period between service and answer. *Code* § 46-301; Gallagher v. Pugh, (Tex. Civ. App.) 66 SW 118. The former period of time and a part of the latter were included in the original answer, so it cannot be said that there was nothing to amend by. The original answer had some substance and would have been made perfect by the amendment. Ordinarily the fact that a pleading is filed prematurely does not mean it is absolutely void; it simply has no effect until the time or condition arises upon which it should have been filed, and it then, being filed, meets the requirements of the statute. *Hodges v. South Georgia Natural Gas Co.*, 111 Ga. App. 180 (141 SE2d 182). Garnishment proceedings are statutory and should be strictly construed "and the courts have no power to enlarge the remedy" (*Undercofler v. Brosnan*,

113 Ga. App. 475 (148 SE2d 470)) but this simply means that the strict construction is against the garnishor who obtains the new remedy, not against the garnishee from whom the right is taken away. An answer in garnishment prematurely filed exists, after the time for proper filing arrives, in an imperfect form, and is therefore amendable as are pleadings generally.

A different situation exists where, as in *Gowen v. Bell*, 113 Ga. App. 324 (148 SE2d 52) the time provided by law for answering the summons of garnishment had expired when the garnishee filed his motion to quash. When the answer is not filed at all until after the time has expired the garnishee is necessarily in default and the plaintiff is delayed in seeking a remedy provided for him by law. A premature answer neither delays nor prejudices him, and to the extent that it is imperfect it may be amended on proper objection made.

The trial court erred in striking the answers and thereafter entering up judgments by default.

*Judgment reversed. Frankum, P. J., and Quillian, J., concur.*

ARGUED APRIL 5, 1967—DECIDED APRIL 18, 1967.

*Charles A. Hughey, Dan Copland,* for appellants.

*Hatcher, Stubbs, Land & Rothschild, J. Madden Hatcher, Jr.,* for appellee.