### 46971. SAVANNAH BANK & TRUST COMPANY v. KEANE et al.

PANNELL, Judge. Two attachments were brought against William Donald Wood, upon which summons of garnishment issued and were served upon Savannah Bank & Trust Company on January 22, 1971. The bank answered indebted in a stated sum on March 1, 1971, the answer being sworn to by one of its officials. On March 5, 1971, the garnishee bank filed what it denominated a "motion for reconsideration" which reads as follows: "Now comes the Savannah Bank & Trust Company of Savannah, garnishee in the above styled causes, and amends its answer heretofore filed as follows: 1. It shows that on February 25, 1971, it paid into the court the sum of four hundred sixty-three and 90/100 dollars ($463.90) in answer to both garnishments, to wit: numbers 276-327 and 048594. 2. It now appears that said property is not subject to garnishment for the reason that it was in a joint savings account in the name of William Donald Wood and Elizabeth Wood, she being his wife, and Elizabeth Wood had pledged it to the Savannah Bank & Trust Company, garnishee herein, as security for a loan. A copy of the note is attached hereto as Exhibit 'A' and a copy of the withdrawal slip which the bank used to assign the proceeds as security is attached as Exhibit 'B.' 3. Garnishee is informed that William Donald Wood and Elizabeth Wood are no longer to be found within Chatham County and garnishee does not know to what far country they might

have gone. 4. The money has been paid out to Jack K. Berry, attorney for the plaintiffs, and he is holding said funds in his firm's trust account subject to the resolution of this perplexing legal conundrum. Wherefore, garnishee prays that the court may set this down for a hearing and Jack K. Berry be ordered to return[ed] said funds to the Savannah Bank & Trust Company of Savannah." Attached thereto was a note signed by Elizabeth Wood which recited "the following property . . . has been or is hereby delivered, pledged, signed, conveyed and transferred to the holder: 1—Savings Acct. No. 07-072396." There was also attached a savings account withdrawal receipt signed in blank by Elizabeth Wood. This pleading was fully sworn to by an officer of the garnishee. A "rule nisi" signed and entered on March 5, 1971, recited "The foregoing verified motion having been presented, it is ordered filed" and set March 10, 1971, as the time "for a full hearing on the facts and a decision on the law." By stipulation of the parties as to the evidence adduced at this hearing, it was shown that a vice president of the garnishee "testified that the note, marked Garnishee's Exhibit No. 1, in the amount of $462.54 was made by Elizabeth Wood in his presence and was secured by the joint savings account No. 07-072396 in the name of William D. Wood and Elizabeth Wood. He also testified that the note was due February 19, 1971, and that Elizabeth Wood had executed a savings deposit withdrawal slip in blank at the time she made the note. The withdrawal slip is marked Garnishee's Exhibit No. 2. Mr. Amerson testified that normally when a savings account is pledged a 'flag' is placed on the account which serves as notice to the clerical workers in the bank. He said that the savings account was included in the garnishment answer by mistake due either to a failure to place a 'flag' on the account or by the failure of a bank employee to notice this 'flag' when checking on the party named in the garnishment. The exhibits were also introduced into evidence. There was no proof the funds depos-

ited had previously been paid out to the attorney for plaintiffs, nor is there anything in the record so indicating other than the allegations in the "motion for reconsideration." The trial judge, in his order, entered on the day of the hearing, March 10, 1971, made findings of facts substantially as alleged in the "motion for reconsideration" or amendment, except as to paragraph 4, and then made the following ruling: "From the evidence it appears that garnishee was negligent in not ascertaining the proper status of the deposit prior to filing its answer and upon filing its sworn answer and paying the funds into the court, garnishee lost any claim that it might have had to said funds. It is the opinion of the court that the same principle of law as set forth in the case of Lawton v. Branch & Cooper, 62 Ga. 351, applied to this case. Therefore, it is the order of the court that the motion for reconsideration is hereby overruled." Judgment against the defendant was rendered March 12, 1971. After an abortive appeal to this court (see *Savannah Bank & Trust Co. v. Keane,* 124 Ga. App. 433 (184 SE2d 51)) the trial judge entered a final judgment ordering the funds paid to the plaintiff and discharging the garnishee, from which judgment this garnishee bank entered its appeal to this court.

Error is enumerated (1) on the refusal of the court to allow its amendment to the answer and have the money returned to it from the registry of the court, and (2) that the trial court erred in rendering judgment against the garnishee and ordering the funds paid over to the plaintiffs. *Held:*

1. The pleading denominated "motion to reconsider" was obviously an amendment to the answer of the garnishee (see *Chance v. Planters Rural Tel. Co-Op.,* 219 Ga. 1, 5 (131 SE2d 541); *Crow v. Mothers Beautiful Co.,* 115 Ga. App. 747, 748 (156 SE2d 193)) coupled with a motion, in view of the amendment, to require the funds, deposited by the garnishee in the registry of the court and allegedly held by the attorney for the plaintiffs, to be re-

funded to the garnishee. Inasmuch as the trial judge ordered this pleading filed, which was done, and since an amendment was properly allowable at that stage of the proceeding (*Burrus & Williams v. Moore,* 63 Ga. 405, 409; *Simplex Machine Co. v. Greenberg & Bond Co.,* 22 Ga. App. 68 (95 SE 530); *Payne v. Brown Constr. Co.,* 44 Ga. App. 592 (162 SE 410); *Ownby v. Wager,* 64 Ga. App. 433, 434 (13 SE2d 686); *Mark Ten Homes Corp. v. First Nat. Bank of Auburn,* 115 Ga. App. 597 (155 SE2d 455); *Crowe v. Conley,* 123 Ga. App. 618 (181 SE2d 903); §§ 81 and 15(a) of the Civil Practice Act (Ga. L. 1968, pp. 1104, 1109 and 1106; *Code Ann.* §§ 81A-181 and 81A-115 (a)) there is no merit in the enumeration of error claiming that the trial court erred in disallowing the amendment.

2. The remaining enumeration of error must be decided in the light of that amendment to the answer of the garnishee. While no traverse was filed by the plaintiffs to the amended answer, but it appearing that a hearing was had and evidence introduced in support of the allegations contained in the amendment, we will, for the purpose of this appeal, treat it as if such a traverse had been filed.

The trial judge, instead of determining from the evidence whether or not the garnishee was indebted to the defendant, erroneously passed over any such question and held that the garnishee was negligent in not ascertaining the proper status of the savings account prior to filing the original answer and that it lost any claim that it might have had to the funds paid into court pursuant thereto, citing as authority *Lawton v. Branch & Cooper,* 62 Ga. 350. That case involved a motion to set aside a judgment and the question there was whether or not excusable neglect existed under the facts. No such question is legally involved here as the garnishee had a right to amend its answer. The trial court erred, therefore, in holding as it did, and for that reason ordering the funds disbursed to plaintiffs.

Since the trial judge did not determine from the evidence or the pleadings alone, in the absence of a traverse, whether or not the garnishee was indebted to defendants, neither do we; but we remand the case to the trial judge to make some determination upon proper pleadings or motion, as the case may be. As to what constitutes a so-called "joint account," or if there be such in the eyes of the law, and from what evidence such a determination is made, see *Code* §§ 85-1001 and 85-1002; *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599, 676 (44 SE 320, 62 LRA 93, 97 ASR 177); *Harrison v. Harrison,* 105 Ga. 517, 520 (31 SE 455, 70 ASR 60); *Wilson v. Brown,* 221 Ga. 273, 277 (144 SE2d 332); *Taylor v. Citizens & Southern Bank of Ga.,* 226 Ga. 15 (2) (172 SE2d 617); *Leonas v. Johnson,* 122 Ga. App. 160 (2) (176 SE2d 506).

*Judgment reversed with direction. Hall, P. J., and Quillian, J., concur.*

ARGUED MARCH 1, 1972—DECIDED APRIL 11, 1972.

*Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, Ralph O. Bowden, III,* for appellant.

*Pierce, Ranitz, Lee, Berry & Mahoney, Jack K. Berry, Howard A. McGlasson, Jr.,* for appellees.