SARAH E. SANDERLIN, and others, plaintiffs in error, vs. JESSE and WILLIAM SANDERLIN, administrators, defendants in error.

When a case is brought up to this Court a second time, with no new facts to change substantially the view of it taken before, it only remains for this Court to re-affirm its first judgment, by affirming generally the judgment of the Court in attempting to enforce it.

In Equity, from Randolph county. Tried before Judge KIDDOO, at the May adjourned Term, 1858.

This case was before the Supreme Court at January Term, 1858, and is reported in 24 *vol. Ga. Rep.*, *p.* 583.

It was a bill filed by Sarah E. Sanderlin, and others, heirs and distributees of Henry Sanderlin, deceased, against Joseph and William Sanderlin, administrators of said Henry, for an account and distribution of a slave named Elias, which plaintiff alleges belonged to the intestate, and which the defendants have failed and refused to administer and distribute, as part of said estate, but have converted the same to their own use.

The answers deny that said slave belonged to said Henry at the time of his death, but insist that he was the property of the said Jesse Sanderlin, one of the administrators, and the father of said deceased, and that said slave was held by said Henry, as a loan from his father.

The Court, after the close of the testimony, at the request of the defendants' counsel, charged the jury, that in deciding whether the negro was a gift or a loan, they were to be governed by the weight of testimony; that when two witnesses swear differently, or contrary one to the other, they should believe that witness who has no interest, either from pecuniary considerations, or relationship, in preference to one who may be thus biassed, other things being equal; but it was their province to judge of the credibility of witnesses; that the answers of defendants, as to the nature of the possession, are responsive to the bill, and therefore evi-

dence of a loan, unless overcome by two witnesses, or one witness, and corroborating circumstances; that although the negro may have been given in the first instance, still if Henry Sanderlin, afterwards admitted, that he was to be held as a *loan*, that he had the right so to agree to hold him, and his admissions are evidence, from which the jury may infer that there was a re-delivery, and a change from a gift to a loan; but they were not bound so to infer; and that Henry Sanderlin's wife and children are bound by his acts and admissions; that it was not necessary that Jesse Sanderlin should have purchased back the negro in order to constitute it a loan; that although Jesse Sanderlin may have intended to give the negro to his son, still the jury are authorized to infer a change to a loan, if the son afterwards admitted that he held him as a loan ; and if it was so understood by Jesse and Henry Sanderlin, at the period of the latter's death, then they were authorized, but not bound, to infer that every thing was done that was necessary, to convert the gift into a loan; that even if Henry, the son, consented to this for the purpose of defrauding his creditors, he and his heirs are bound by it.

That if the slave went into the possession of the son as a gift, and the donor and donee afterwards rescinded the gift, and agreed to make it a loan, then it became a loan, and so remained, and no person has a right to interfere with it; to all of which charge complainants·excepted.

The jury found for the defendants, and counsel for complainants tendered their bill of exceptions, and assign as error the foregoing charge of the Court. And further, that Court erred, in allowing counsel for defendants, to ask the witness, Isaiah Holmes, if he did not tell James Newton, in 1855, that he, witness, had told William Johnson " that Elias did not belong to him or Henry Sanderlin, but to Jesse Sanderlin, and he had known it all the time, as Jesse had paid taxes on him."

And further, that the Court erred in permitting defendants'

counsel to introduce, in evidence, the tax books of 1848, 1849, 1850 and 1851, plaintiffs' counsel objecting thereto, upon the ground that it was not rebutting evidence.

PERKINS; BARRY; and HOOD & ROBINSON, for plaintiffs in error.

DOUGLASS & DOUGLASS, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

This case was before this Court twelve months ago, at this ce, (24 *Ga. Rep.*, 583) and we see nothing new in it to disturb the view then taken of the law of the case, and the rights of the parties. True, some of the testimony taken then is not in the record now, still we do not see that the result is substantially changed. We affirm generally, therefore, all the rulings of the Court.

Judgment affirmed.

McDONALD J. absent.