THE MUTUAL LIFE INSURANCE COMPANY v. MOSS.

Where a summons of garnishment required the garnishee to answer at the December term, 1892, of the city court of Atlanta, and after service of the summons this term was abolished by the act of November 30th, 1892, which established six terms annually of said court, beginning with the January term, 1893, and provided that all cases then pending in said court should be triable at that term, it was the duty of the garnishee to answer at that term or, failing to do so, by the ensuing March term, and having failed, there was no error in rendering judgment against the garnishee by default during the latter term, judgment having been previously obtained against the defendant in the suit.            Judgment affirmed.
November 6, 1893.

Affidavit of illegality.  Before Judge VAN EPPS.  City court of Atlanta.  July term, 1893.

Moss sued McGarity, and caused process of garnishment to issue and be served on the insurance company on July 21, 1892, requiring it to answer at the December term, 1892, of the city court of Atlanta. On April 14, 1893, judgment by default was taken for failure to answer (a judgment having previously been rendered against McGarity).   Upon the levy of execution, the garnishee filed an affidavit of illegality, which on motion was dismissed as insufficient.   The grounds of the affidavit were as follows: (1) At the time of service of the garnishment, the city court under existing law held two terms a year for civil business, beginning on the first Mondays in June and December, and the December term continued in session through the April following.   The garnishee

could not under the law make any valid and sufficient answer prior to the first Monday of December, 1892; and, under the practice and law in force at the time of the service, whereby this case should be governed, its time to make answer had not expired at the time the judgment was taken against it, and has not yet; and it is willing and ready to make due answer to the summons in form as hereinafter set forth.   The act (Acts 1892, p. 219) changing the terms of said court had no force or effect to abrogate or alter the rights and duties of the garnishee in this matter, as existing prior to the passage of the act of 1892, and there was no default in answering when the judgment was taken.   (2) By the act of November 30, 1892, the June and December terms of the city court were abolished, including the December term, 1892, and the court was not in session during December, 1892.   By the operation of this act the summons was annulled and set aside, and no answer thereto could be lawfully required, and no answer whatever could be lawfully required except upon the requisition of another summons specifying an existing term of court to which answer should and could be made.   (3) According to the law and practice of force at the time of service, and by the terms of the summons, the company was required to answer at the December term, 1892, and if it should fail to answer then the case must be continued to the next term, which would in due course begin on the first Monday in June, 1893, and only if it failed to appear and answer by that time could judgment be taken against it on motion; and the judgment in question, having been taken on motion on April 14, 1893, was premature and is void.   The affidavit further set up no indebtedness to McGarity and no effects of his in the hands of the garnishee when the summons was served or since.

J. H. GILBERT, for plaintiff in error.

R. J. JORDAN, *contra.*