### 13345, 13368. KITTLES *v.* THORPE *et al.*

1. An error in an entry of service, as to the date of service of a summons of garnishment, may, upon proper proof and by order of the court, be corrected and an entry be made nunc pro tunc so as to make it speak the truth. Civil Code (1910), § 5701; *Southern Express Co.* v. *National Bank of Tifton,* 4 *Ga. App.* 339 (61 S. E. 857); *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321, 324, 325 (48 S. E. 25), and cases cited.

2. Where a summons of garnishment was served and no answer thereto was filed until several terms had passed, and no " reason legally sufficient to excuse the failure " to answer sooner was given, the court erred in not striking the answer, and in permitting it then to be verified by the garnishee.

3. The court erred in dismissing the garnishment proceedings and in rendering judgment for the garnishee.

4. No legal and proper answer having been filed within the time provided therefor by law, upon proof that plaintiff had obtained judgment against the original defendant the court should have awarded judgment against the garnishee.

5. At the May term, 1921, the garnishee moved to dismiss the garnishment procedings for certain reasons stated in the motion. This motion was overruled. Thereupon the garnishee filed exceptions pendente lite to this ruling, and in the cross-bill of exceptions he assigns error thereon. However, the record shows that at the following December term the court did dismiss the garnishment proceedings; therefore the question raised by the cross-bill of exceptions is moot.

DECIDED OCTOBER 5, 1922.

Garnishment; from McIntosh superior court — Judge Sheppard. December 5, 1921.

The main bill of exceptions in this case· is as follows: "Be it remembered that the case of W. H. Kittles against Robert Sallins, defendant, and E. M. Thorpe, garnishee, returnable to the December term, 1918, of the superior court of McIntosh county, the same being a garnishment suit based upon an action then pending in the said superior court of McIntosh county, Georgia, of W. H. Kittles against Robert Sallins, which said action was not disposed of until the December term, 1920, at which term judgment was obtained by the said W. H. Kittles against the said Robert Sallins. Be it further remembered, that at said December term, 1920, the garnishee E. M. Thorpe, having failed to answer to the summons of garnishment served upon him, his attorneys, Messrs. Travis & Travis, filed an answer for the said E. M. Thorpe, garnishee, which answer was sworn to by John L. Travis. Motion to strike the said answer was made by plaintiff at said term, but on account of the absence of the attorney filing the same no action was taken by the court at said term. Be it further remembered, that at the May term, 1921, of said court the plaintiff again moved to strike the said answer of the garnishee filed and verified by his attorney, at which time the garnishee offered to amend said answer by having the same sworn to by E. M. Thorpe, but said motion of the plaintiff prevailed and the said answer was stricken by proper order of the court. The plaintiff then prayed judgment against the said E. M. Thorpe, garnishee, for the amount of the judgment obtained against the said Robert Sallins, to wit, $800 and interest from July 24, 1914, at the rate of 8% per annum, which prayer was granted, the court rendering judgment in open court from the bench in favor of the plaintiff, and instructed plaintiff's counsel to prepare same, and same was prepared and signed by counsel for the plaintiff, but was not signed by his honor Walter W. Sheppard, judge presid-

ing, the garnishee in the meantime having filed objections to the rendition of the said judgment.    Be it further remembered, that one of the objections filed and insisted upon by the garnishee was that the affidavit for garnishment was made October 16, 1918, before the December term, 1918, and was not filed in the superior court until after the May term, 1919, and no service had been made of the garnishment summons until October 20, 1919; whereupon the plaintiff asked the court to have the former sheriff, S. J. Hagan, correct his return of service, and, after the said S. J. Hagan had been sworn in open court, and it appeared that his return of October 20, 1919, was error and should have been October 20, 1918, under order of his honor Walter W. Sheppard, judge presiding, said return was corrected and made to read October 20, 1918 by the said former sheriff. The court then allowed the said answer, filed by the attorneys of the garnishee, to be amended by being sworn to by E. M. Thorpe, the garnishee, and to vacate the said order striking the answer, whereupon the plaintiff moved the court to strike the answer verified by the garnishee, as same was made too late and after judgment had been rendered against defendant, which motion was overruled by the court, and the court granted an order sustaining the answer and vacating and setting aside its judgment striking the answer of garnishee.    To which rulings overruling the motion of plaintiff to strike the answer of garnishee, and the order and judgment of the court vacating the order to strike the answer of garnishee and permitting said answer to be verified by the garnishee, plaintiff then and there excepted pendente lite, his exceptions being duly certified and entered of record; and plaintiff hereby assigns error upon the order overruling said motion to strike the answer of the garnishee, and the order and judgment of the court vacating the order to strike the answer of garnishee, and permitting said answer to be verified as aforesaid, and says that said ruling was contrary to law.    Be it further remembered, that afterwards, to wit, at the December term, 1921, of said McIntosh superior court, his honor Walter W. Sheppard, judge of said court presiding, the court rendered judgment for the garnishee, dismissing said garnishment suit at the plaintiff's costs, to which ruling and judgment the plaintiff then excepted, now excepts, and assigns the same as error upon the ground that it is contrary to law, and

the court having allowed the answer to be filed after being veri-
fied by the garnishee, and in vacating its judgment and order
striking the said answer, and such acts being controlling in effect,
the said judgment could not be and is not a legal termination of
said case."

The cross-bill of exceptions assigns error on the refusal of the
court to dismiss the garnishment proceedings at the May term,
1921.

*Tyson & Tyson, Edwin A. Cohen,* for plaintiff.

*Travis & Travis,* contra.

BLOODWORTH, J. (After stating the foregoing facts.)   To what
is said in the headnotes it is only necessary to add the following:
During the years covered by the proceedings in this case the
terms of the superior court of McIntosh county were held in
May and December of each year.   Where a summons of garnish-
ment was served on October 20, 1918, in a case pending in that
court, it was the duty of the person so served to answer at the
December term following, or at the May term, 1919.   Civil Code
(1910), §§ 5269, 5097; *Averback v. Spivey,* 122 *Ga.* 18 (49 S. E.
748).   In the case under consideration the garnishee did not at-
tempt to make answer until the December term, 1920, and the
answer then filed was sworn to by an attorney at law.   This was
not sufficient, as an attorney at law, as such, is not competent
to verify an answer to a summons of garnishment.   *Plant v. Mu-
tual Life Ins. Co.,* 92 *Ga.* 636 (2) (19 S. E. 719); *Central of
Ga. Ry. Co. v. Dickerson,* 15 *Ga. App.* 293 (2), 301 (82 S. E.
942).   Even if the answer filed in this case could have been
amended and verified by the garnishee had it been filed in time, it
was not so filed, and no "reason legally sufficient to excuse
the failure" to make the answer prior to that time was given.
In *Jones v. Bibb Brick Co.,* 120 *Ga.* 321 (9) (48 S. E. 25), the
Supreme Court held: "The garnishee is required by statute to
answer at the first term.   After the second term the court has no
discretion but can only allow the answer to be then filed for
some legally sufficient reason sufficient to excuse the failure."
In *O'Neill Mfg. Co. v. Ahrens & Ott Mfg. Co.,* 110 *Ga.* 656 (3)
(36 S. E. 66), the Supreme Court said: "Where a garnishee was
in default in making answer at the term at which he was directed
so to do, and also at the next term thereafter, there was no error,

after the lapse of several other terms, in refusing to allow the garnishee to then answer the garnishment." In the case just cited the Supreme Court further said: "It is insisted by counsel for plaintiff in error that it should have been allowed to file its answer nunc pro tunc at the term of the court at which this case was tried. No sufficient reason appearing in the record for allowing the garnishee to file its answer after it was in default, the court was clearly right in rejecting the same. This does not seem to be a matter even in the discretion of the court." See also *Mashburn* v. *Harrell*, 12 *Ga. App.* 327, 328 (77 S. E. 207); *Smith* v. *Monroe Oil & Fertilizer Co.,* 20 *Ga. App.* 487 (93 S. E. 105); *Bearden* v. *Metropolitan Street Railroad Co.,* 82 *Ga.* 605 (9 S. E. 603); *Mutual Life Ins. Co.* v. *Moss,* 93 *Ga.* 272 (20 S. E. 308). Under the rulings in the cases cited above the court erred in failing to strike the answer of the garnishee and in permitting it to be verified by the garnishee.

*Judgment reversed on the main bill of exceptions; cross-bill dismissed. Broyles, C. J., and Luke, J., concur.*