# CASES

### DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

#### AT THE

## OCTOBER TERM, 1923

---

#### 14378.  THORPE *v*. KITTLES.

BLOODWORTH, J.  1.  There are no new facts or issues in this case to change the view taken of it by this court when it was previously here (*Kittles* v. *Thorpe*, 29 *Ga. App.* 146, 114 S. E. 228) ; and the judgment of the trial court in attempting to enforce this court's ruling must be affirmed. *Sanderlin* v. *Sanderlin*, 27 *Ga.* 334; *Southwestern Railroad* v. *Wright*, 68 *Ga.* 312 (6) ; *Heyman* v. *Southern Railway Co.*, 122 *Ga.* 608 (50 S. E. 342).

2.  The request that ten per cent. damages be awarded against the plaintiff in error, for bringing the case to this court for delay only, is denied.

> *Judgment affirmed.*   *Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 3, 1923.  REHEARING DENIED DECEMBER 5, 1923.

Garnishment; from McIntosh superior court — Judge Sheppard. December 4, 1922.

Application for certiorari was denied by the Supreme Court.

*Travis & Travis*, for plaintiff in error.

*Tyson & Tyson, Edwin A. Cohen*, contra.

#### ON MOTION FOR REHEARING.

BLOODWORTH, J.  Upon a careful comparison of each ground of the motion to dismiss the garnishment proceeding made in this case on the last hearing thereof with those set out in the cross-bill of exceptions which this court dismissed on October 5, 1922 (*Thorpe* v. *Kittles*, 29 *Ga. App.* 146, 114 S. E. 228), we find the grounds to be identical, and all the material issues made in this case were raised either in the motion or the cross-bill of exceptions when the case was previously before us.  For this reason our former judg-

ment is controlling, and is the law of the case. "When a case is brought to this court a second time, with no new facts to change *substantially* the view of it taken before, it only remains for this court to reaffirm its first judgment by affirming generally the judgment of the court in attempting to enforce it." *Sanderlin* v. *Sanderlin, 27 Ga.* 334. When this case was first before us the garnishee, in his cross-bill of exceptions, assigned error on the overruling of his motion to dismiss the garnishment proceedings at the May term, 1921, of McIntosh superior court. The motion contains, as stated above, the same grounds as the motion which is the basis of the case now under consideration. This court then held that the question raised by the cross-bill of exceptions was moot, *because the trial court in that case did dismiss the garnishment proceedings at the following* December term of said court. Plaintiff in error now contends that the grounds of the motion which raised a moot question then are now material and vital in this case, and should be considered, as the judgment in the case under consideration rests upon their validity. However, in the light of this court's former ruling on the main bill of exceptions, the grounds of this motion to dismiss the garnishment proceedings cannot be considered, because we then ruled as follows: "The court erred in dismissing the garnishment proceedings and in rendering judgment for the garnishee. No legal and proper answer having been filed within the time provided therefor by law, upon proof that plaintiff had obtained judgment against the original defendant the court should have awarded judgment against the garnishee." A summons of garnishment is an order of court; and if the garnishee would be in a position to urge reasons why a garnishment should be dismissed, he must first comply with the order of the court and answer the summons of garnishment. For this court to hold now that the garnishment should be dismissed would simply be to reverse our former decision that it should not have been dismissed. We reaffirm our opinion that there are no new facts or issues in this case to change our view taken of it when it was previously before us, and the judgment of the trial court in attempting to enforce this court's ruling must be affirmed. *Southwestern Railroad* v. *Wright, 68 Ga.* 312 (7) ; *Heyman* v. *So. Ry. Co., 122 Ga.* 608 (50 S. E. 342). In the last hearing of the case in the superior court that court, as was its duty, complied with the

former ruling of this court. As shown on its face, that ruling was based upon the failure of the garnishee to answer properly within the time provided by law; and this failure to answer — to comply with the court's order — precluded him from going into the merits of the garnishment proceeding.

Rehearing denied. Broyles, C. J., and Luke, J., concur.