## LINDER *vs.* BENSON & COMPANY

Since the act of October 15, 1885 (acts 1884-5, p. 96), a judgment against the garnishee is a condition precedent to a judgment on the bond given to dissolve the garnishment. Therefore where it appeared from the answer of the garnishee that none of the funds in his hands were subject to garnishment, it was error to enter up a judgment against the principal and sureties in the bond given to dissolve the garnishment.

(*a*) That act took effect from and immediately after its passage, and applied to cases then pending as well as to those thereafter commenced, and to judgments already obtained as well as those obtained subsequently.

(*b*) Where, six days after the approval of that act, a bond was given to dissolve the garnishment, conditioned to pay the debt, instead of as prescribed by that act, it was not a statutory bond, and judgment could not be rendered on it as prescribed by the statute. If it were a good common law bond, it would have to be enforced by suit, and would be subject to the defence that the effects in the hands of the garnishee were exempt from the debt sought to be enforced.

(*c*) Directions given to the superior court.

November 23, 1886.

Garnishment. Bonds. Laws. Practice in Supreme Court. Before Judge LUMPKIN. Hart Superior Court. March Term, 1886.

Reported in the decision.

HODGES & VANDUZER, for plaintiff in error.

A. G. McCURRY; T. W. TEASLEY, by brief, for defendants.

HALL, Justice.

An act of the General Assembly, providing in what way garnishments may be dissolved, approved October 15, 1885 (acts, p. 96,) by its first section prescribes a bond with good security, payable to the plaintiff and conditioned for the payment of the judgment that shall be rendered on the garnishment, and authorizing the plaintiff to

enter up judgment on the bond against the principal and his sureties as judgment is entered against securities on the appeal, whenever the judgment is obtained against the property or fund against which the garnishment was issued. The second section requires the garnishee to file his answer, stating what he is indebted to defendant, or what effects belonging to him he had in hand at the time of the service of garnishment, or what he had become indebted to defendant, or what effects belonging to defend- and had come into his hands between the time of serving the summons and answering the same, and if the court should decide that the funds or property in the hands of the garnishee were subject to garnishment, had not the same been dissolved, then the court was required to enter up judgment against the defendant and his securities. The act expressly repeals all laws and parts of laws in conflict therewith. By its terms, it goes into effect "from and immediately" after its passage, and applies to cases then pending or thereafter to be commenced, and to judg- ments that had been obtained as well as those thereafter obtained, in which garnishments have been or may be is- sued. From this it is evident that a judgment against the garnishee is a condition precedent to the judgment that may be rendered against the defendant and his co-ob- ligor sureties in the bond to dissolve the garnishment. In the case at bar, the bond for the dissolution of the garnishment was taken six days after the approval of this act, and contained a condition for the payment of the debt, instead of that prescribed by the act. The condi- tion was that prescribed by the statute which this act re- pealed, and although the garnishee answered, the justice of the peace refused to enter up judgment against him on the answer, but proceeded to judgment against the de- fendant and his surety on the bond given to dissolve the garnishment, albeit he was of opinion that the debt due from the garnishee to the defendant and the effects in his hands belonging to him were not subject to the garnish-

ment, had it not been dissolved, since they were for rent from the homestead set apart for the defendant's family. This was deemed immaterial in fixing the liability of the obligors in the bond to dissolve the garnishment.

The superior court affirmed these several rulings, upon *certiorari* sued out and prosecuted by the defendant and his surety and endorser. This judgment to which they except, we think, was erroneous and should be set aside; in fact, we are of opinion that the bond given to dissolve the garnishment was such an one as no judgment could be rendered on; it was certainly not good as a statutory bond, for it did not comply with the requirements of the statute then of force, nor was it valid under the former act, for that had been repealed when it was executed. As a common law bond, if it can be regarded in that light, upon which we give no opinion, it would have to be enforced by a regular suit against the obligors, and such a suit would be open to the defence that the effects in the hands of the garnishee were exempt from the debts of the defendant, unless it could be shown that the homestead itself, or the income from it, was liable under some one of the exceptions specified in the constitution, which, we believe, is not insisted upon in this case. We therefore order and direct that the judgment dismissing the *certiorari* be set aside; that a judgment be entered sustaining the same; that the judgment rendered in the justice's court against the obligors in the bond be vacated and annulled; that the garnishment proceeding be dismissed; that the garnishee be required to pay to the defendant, Smith, the amount he admits to be due, either in money or as rent in kind, or the value thereof, arising from his use and occupation of the homestead premises; and that the plaintiff in execution be required to pay the cost, not only of the *certiorari*, but all costs accruing in the justice court on account of the garnishment, as well as the costs incurred for bringing the case to this court, including those with which they stand chargeable in this court.

Judgment reversed.