WHITEHEAD *v.* PATTERSON *et al.*

1. Under the act of October 15th, 1885, the plaintiff in garnishment is not entitled to enter a judgment upon the bond given by the defendant to dissolve the garnishment, until the plaintiff "shall obtain the judgment of the court where said garnishment is pending against the property or funds against which garnishment was issued." Until the judgment here spoken of has been obtained, it is not too late for the defendant to set up that no valid judgment against him for the plaintiff's debt has been rendered; or that if rendered, it has been discharged by release or otherwise.

2. As the motion to enter judgment upon the bond could not have been granted without a previous judgment disposing of the garnishment, the reason given by the court for denying the motion is immaterial, the motion itself being premature.

February 19, 1892.

Garnishment. Judgment. Practice. Before Judge Ross. City court of Macon. June term, 1891.

Whitehead sued Thomas Willingham and R. W. Patterson as former copartners using the firm name of Willingham & Patterson, for $775, on certain notes and a due-bill, each signed Willingham & Patterson. Patterson was served, and there was a return of *non est inventus* as to Willingham. A judgment was taken for plaintiff against defendants for the amount sued for, with interest and costs, in form a judgment by default. Upon the same day, by consent an agreement was ordered placed upon the minutes and made the judgment of the court. This agreement recited that the suit was pending upon notes given for the purchase money of an interest in certain lands purchased by a syndicate from Whitehead; that Patterson had been served, and there was a return of *non est inventus* as to Willingham who had removed beyond the limits of the State; that Patterson had that day allowed judgment to be entered up against the firm of Willingham & Patterson; and that it was agreed that Patterson was bound only by the judgment for one half the difference between the value of the tract of land, or the amount said interest in the land should bring at public outcry, and the amount of the judgment. Afterwards Whitehead sued out summons of garnishment upon an affidavit alleging that he had obtained a judgment against Willingham & Patterson for $395.89 principal and interest, etc., and Patterson as principal and R. M. Patterson as security gave a bond to dissolve the garnishment. Afterwards Whitehead, by his attorney, receipted in full the *fi. fa.* in so far as any lia-

bility of Willingham might appear, and authorized the clerk of the court to enter on the docket a release in full as to Willingham. The garnishment proceeding was returnable to the September term, 1889, of the court. Whitehead moved to enter up judgment against Patterson and the surety on his bond to dissolve the garnishment, for one half the amount due on the judgment. On the day the cause was heard Patterson and his surety filed an answer which Whitehead moved to strike, on the grounds that it was filed too late, that the execution could not be attacked in that way, and that it should have been filed at the term to which the garnishment was returnable. This motion was overruled, and Whitehead excepted.

The answer was as follows: (1) Whitehead has no judgment against Patterson, because the judgment against Willingham & Patterson was a consent judgment founded upon a written agreement signed by Patterson upon one hand, and the attorneys of record of Whitehead upon the other, which agreement was made in open court and was, by order of the court, entered upon the minutes simultaneously with the judgment. This agreement provided that the judgment should be levied upon land for a part of the purchase money of which the suit was brought, that the land should be sold at public outcry by due and proper advertisement, and that Patterson should only be bound for half the difference between the amount of the judgment and the price which the land should bring. The land was advertised and sold at public sale, being knocked off to W. B. Willingham. This defendant believed Willingham bought it in good faith. There was no agreement or arrangement between him and Willingham in reference to bidding upon the property. This defendant was present at the sale and bid upon the land himself; the bidding for W. B. Willingham was done by one

Hervey; the sale took place between eleven and twelve o'clock on a regular sale day, when there was a crowd in attendance; later, about two or three o'clock in the day, the property was again put up for sale, this defendant not being present, and was bid off by Whitehead, there being at the time very few if any persons present, besides Whitehead, his attorney and the sheriff. Wherefore, defendant says there is no judgment against him for the amount claimed by plaintiff, but if there is a judgment against him at all, it is for half the difference (as yet undetermined) between what the property would have brought at a public sale and the amount of the *fi. fa.* (2) There is no legal judgment against him, because the amount he is indebted to Whitehead has never been judicially ascertained, the difference between half what the property would have sold for and the amount of the judgment never having been judicially determined. There is no judgment whatever against him, and in point of law never was; there was simply an agreement on his part that the partnership assets should be sold and applied to the payment of this judgment, and that he should then be liable for his half of the difference between that and the amount claimed to be due plaintiff. This was an unliquidated debt which has never been determined by any court, and therefore there is no judgment against him. The debt upon which the pretended judgment rests was certain notes and a due-bill given by Willingham & Patterson for the purchase price of a one twentieth interest in a certain tract of land. Upon the purchase price they paid Whitehead $200, and he now has the land and the $200, and is seeking by fraudulent contrivances, etc., to obtain far more than the purchase price as the value of the land. The pretended judicial sale was a sham and a device to obtain the property for less than its value. Notwithstanding Whitehead has possession of the property and

the $200, he is seeking to .collect more out of this defendant, which he is not in justice or law indebted to him. (3) Whitehead has no judgment or legal claim against him whatever, for the reason that from this judgment, and from the debt on which the judgment was founded, Whitehead has released Willingham, the copartner and co-obligor of Patterson, without his knowledge or consent, which in law is an absolute release to this defendant, and this has been done subsequent to the agreement made and entered into as set out above.

The matter was heard before the court without a jury. On the hearing documentary evidence, as above indicated, was introduced. It was admitted that the release of Willingham on the *fi. fa.* was made without the knowledge or consent of Patterson. There was evidence that the *fi. fa.* was levied and the property advertised for sale, and sold at public outcry at the courthouse door; that it was first bid off in the morning for $650 by Hervey; that the deed was tendered Hervey and he declined to take it, saying that he bid for W. B. Willingham; that the deed was then tendered Willingham and he refused to take it, saying he did not authorize Hervey to bid so much; that it was then resold, about two or three o'clock in the afternoon, for $500 to Whitehead; that Patterson bid on it in the morning but was not there when it was sold, nor were there as many people present as in the morning; that the sheriff notified Patterson and W. B. Willingham that he would resell and of the hour that he would sell, and Patterson replied that he would repudiate a second sale, that the crowd had dispersed, and insisted that the property should be regularly readvertised and resold, telling the sheriff to say as much to Whitehead and his attorney Freeman, which the sheriff did; that in Bibb county (where the sale took place) the custom was to

hold the regular sales beginning at about eleven o'clock in the morning and continuing until all property is exposed for sale; Whitehead has sold the property with other property, putting it in at $1,000; and that property, especially in this locality, has advanced very much since he bought.

The judge overruled plaintiff's motion to enter up judgment, mainly, if not entirely, upon the ground that the release of Willingham released Patterson as joint obligor and satisfied the execution, notwithstanding the agreement, made the judgment of the court, at the time the judgment was rendered.    To this also plaintiff excepted.

M. R. Freeman, by brief, for plaintiff.

R. W. Patterson and Gustin, Guerry & Hall, for defendants.

Bleckley, Chief Justice.

1. The act of October 15, 1885, made an important change in the law of garnishment.   It contemplates that there shall be no liability upon the bond given to dissolve a garnishment, unless the fund or property in the hands of the garnishee is adjudged to be subject to garnishment.    Until this question has been adjudicated, it is not too late for the defendant in the garnishment proceeding to set up that no valid judgment against him for the plaintiff's debt has been rendered, or that if rendered it has been discharged by release or otherwise. Consequently the court did not err in refusing to strike the answer filed by Patterson because not filed at the term to which the garnishment was returnable.

2. Nor, for the same reason, was there any error in overruling the motion to enter up judgment on the bond. This motion could not be granted in the absence of a previous judgment disposing of the garnishment.    The court may have given a wrong reason for denying the

v 88-48

motion, but this was immaterial ; for upon the showing which was before the court, the motion was premature.

The act which controls the case will be found in Acts 1884-5, p. 96.          *Judgment affirmed.*