## GARDEN *v.* CRUTCHFIELD *et al.*

1. When a garnishment is dissolved by the defendant under the provisions of sections 4718 and 4719 of the Civil Code, before a judgment can be entered against the defendant and the securities on the bond given to dissolve the garnishment it is necessary that there should be an answer filed by the garnishee, and a judgment on this answer, fixing the amount that would have been due to the defendant by the garnishee if the garnishment had not been dissolved, and adjudicating that the fund or property in the hands of the garnishee was subject to the process of garnishment.
2. When a garnishment has been dissolved in the manner referred to in the preceding note, it is the duty of the garnishee to answer notwithstanding this fact; but the law does not authorize a judgment by default to be entered against the garnishee if he fails or refuses to answer.
3. Is not a garnishee liable in such a case to be attached as for a contempt for a failure or refusal to answer ?

Submitted November 9, — Decided November 27, 1900.

Certiorari.    Before Judge Janes.    Baldwin superior court.    July term, 1900.

*Benjamin J. Fowler* and *Arthur L. Dasher*, for plaintiff.

COBB, J.    Garden sued Crutchfield in the justice's court, and caused summons of garnishment to be served upon the Milledgeville

Oil Company. The garnishment was dissolved by the defendant's filing a bond in terms of the statute. The plaintiff obtained judgment against the defendant; and at a subsequent term of the court, when the garnishment proceeding came on to be heard, attention was called to the fact that no answer to the summons of garnishment had been filed, and plaintiff made a motion to enter a judgment by default against the garnishee for a failure or refusal to answer, and, after this judgment was entered, to enter judgment against the defendant and his sureties on the bond given to dissolve the garnishment. The court overruled this motion. The defendant having filed a paper in the case in the following words: "Now comes the defendant and for plea and answer says that he is a day-laborer and journeyman mechanic, and that his wages as such is not subject to process of garnishment," the court proceeded to trial upon the issue claimed to have been raised by the filing of this paper, and rendered a judgment finding that the defendant was a day-laborer and his wages not subject to garnishment. The plaintiff applied for a writ of certiorari, alleging in his petition that the court erred in not entering up a judgment by default against the garnishee, in not rendering judgment against the defendant and the sureties on the bond given to dissolve the garnishment, and in forcing plaintiff to proceed to trial upon the issue whether or not the defendant was a day-laborer and his wages not subject to garnishment, in the absence of an answer setting up that the garnishee owed the defendant anything for wages. At the hearing the certiorari was overruled, and the plaintiff excepted.

1. Prior to the passage of the act of 1885 (Acts 1884–5, p. 96), when the defendant filed a bond for the purpose of dissolving the garnishment, the filing of the bond relieved the garnishee from all liability on account of the service of the summons, and he was at liberty to pay over the money or turn over the property in his hands to the defendant, and no answer of the garnishee was required; the defendant and the sureties on the bond given for the purpose of dissolving the garnishment being liable to the plaintiff for whatever judgment might be recovered in the suit, without regard to the amount of money or value of the property in the hands of the garnishee. Code 1882, § 3540. The provisions of the act just referred to are embodied in sections 4718 and 4719 of the Civil Code; and, construing these sections together, it is manifest that it was·the

purpose of the legislature to limit the liability of the defendant, and his sureties on the bond given for the purpose of dissolving the garnishment, to an amount which would represent the money or property the amount or value of which was set forth by the garnishee in the answer filed by him. The remedy of the plaintiff was still to be upon the bond, and the purpose of the law was to relieve the garnishee just as under the old law. Under that law, if the suit was for a large amount and the fund or property in the hands of the garnishee was very small in amount or value, the defendant could not obtain the same from the garnishee unless he filed a bond conditioned to pay to the plaintiff, not the amount of money or value of the property in the hands of the garnishee, but whatever judgment the plaintiff might recover against him. This was the evil of the old law, and the remedy was a provision that the liability on the bond given to dissolve the garnishment should be limited to the amount of money or value of the property in the hands of the garnishee. The bond under the present law is "conditioned for the payment of the judgment that shall be rendered on said garnishment"; and it has been held that a judgment against the garnishee is a condition precedent to a judgment on the bond given to dissolve the garnishment. *Linder* v. *Benson,* 78 *Ga.* 116; *Whitehead* v. *Patterson,* 88 *Ga.* 748; *Small* v. *Mendel,* 96 *Ga.* 532.

2. The statute makes it the duty of the garnishee to file his answer notwithstanding the garnishment has been dissolved, and the amount of the judgment upon the bond given to dissolve the garnishment is dependent upon the judgment rendered on the garnishment proceeding. When the garnishee files his answer it becomes the duty of the court to determine whether the fund or property which the answer shows was in the hands of the garnishee at the date of the service, or which came into his hands between the date of the service and the date of his answer, would have been subject to the garnishment if it had not been dissolved; and if so, the court should enter a judgment to that effect, stating in the judgment the amount that the garnishee would have been held liable for in the event the garnishment had not been dissolved. Upon the rendition of a judgment of this character, the court has authority to enter a judgment against the defendant and the sureties on the bond given to dissolve the garnishment. If the garnishee answers that he had no property or funds belonging to the defendant on the day of service and

has not received any since that day, this answer may be traversed, and if upon the trial of this traverse there is a finding sustaining the same, a judgment may be entered setting forth what funds or property of the defendant the garnishee had in his possession which were subject to the process of garnishment. The court may then enter a judgment on the bond for this amount, provided it does not exceed the amount due on the judgment against the principal debtor. If the garnishee in his answer simply admits an indebtedness, and the answer is silent as to whether the amount admitted was subject to the process of garnishment, the defendant may still insist that it is exempt; and if, upon the issue formed by the defendant's filing a claim to the fund, he succeeds in establishing the truth of his contention, no judgment can be entered up on the bond given for the purpose of dissolving the garnishment. *Born* v. *Williams*, 81 *Ga.* 796; *Teft* v. *Booth*, 104 *Ga.* 593. In *Ware* v. *Laird*, 93 *Ga.* 343, it was held that a traverse of an answer admitting indebtedness was not necessary, when the defendant had interposed a claim to the fund, setting up in the claim that the same was exempt from the process of garnishment.

3. The question arises, however, what is to be done when the garnishee refuses to answer? While the statute provides that he shall answer, there is no provision for a judgment being entered against him as a penalty for failing to do so. Construing the statute as a whole, it is clear that it was not the intention of the legislature that there should be any remedy of this character when the garnishment has been dissolved. The answer of the garnishee in such a case is required simply for the purpose of giving the court information as to what fund or property he has in his hands belonging to the defendant, in order that it may be determined whether the fund or property is subject to the process of garnishment, and thus give the court authority for entering judgment against the defendant and the sureties on the dissolution bond. We have been unable to find any law authorizing a judgment by default to be entered against the garnishee in such a case. When the property or fund garnished is claimed by a person not a party to the proceeding, and the claimant dissolves the garnishment by giving bond, the law distinctly declares that if the garnishee fails to answer within the time required by law, judgment shall be had against him and he shall be liable thereon notwithstanding the claimant

may have dissolved the garnishment.   Civil Code, § 4721.   But this provision is limited to cases where the claimant is a third party, and has no application to a case where the garnishment is dissolved by the defendant in the suit.   As there can be no judgment against the defendant and the sureties on his bond until there has been a judgment on the garnishment proceeding, that is, a judgment determining what was the fund or property in the hands of the garnishee and its value, and that the same was subject to garnishment, until the garnishee files an answer the court is powerless to proceed in the matter.   Applying what has been said to the present case, the justice did not err in refusing to enter a judgment by default against the garnishee; but it was error to proceed with the trial of what purported to be a claim by the defendant to the fund which was alleged to be in the hands of the garnishee.   What proceeding should be taken by the court when the garnishee fails to answer a summons of garnishment which has been dissolved by the defendant in the suit is a question not involved in the present case; but we take this occasion simply to suggest that, where a statute makes it the duty of a person to appear at a court and disclose information which it is necessary for the court to have in order to properly discharge the duty imposed upon it by law in furtherance of the rights of a litigant, the court can generally find some appropriate proceeding which will cause the delinquent to discharge the duty which the law requires him to perform.   The plaintiff as well as the defendant has a right in such a case to have the garnishee file an answer for the purpose of determining the controversy between them; and the code declares that for every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other.   Civil Code, § 4929.   A rule calling upon the garnishee to show cause why he should not be attached for contempt would probably, in most cases, have the effect of producing an answer.

*Judgment reversed.   All the Justices concurring, except Lewis, J., absent.*