## 15031. AMERICAN AGRICULTURAL CHEMICAL COMPANY *v.* BANK OF MADISON.

1. Where an affidavit to obtain the process of garnishment alleged that D was the agent of a named corporation,—A, the plaintiff in garnishment,—and the affidavit was signed A by D, it was not invalid as a mere purported affidavit of the corporation, but was the affidavit of the individual D.

(*a*) The garnishment bond was not invalid as being without security because neither the name, nor a blank for the name, of the security appeared before the word "security" in the recital in the bond that A, "principal, and security" were bound, etc., or because the word "security" was not placed after the name of the party thereto who signed the bond apparently as security under the signature of the principal.

2. The dissolution of a garnishment by bond does not relieve the garnishee from answering. In case of such dissolution the garnishee must nevertheless answer, but, on answering, is discharged from liability, and the remedy of the plaintiff is on the bond.

3. The court, having improperly rendered judgment discharging the garnishee without requiring him to answer, committed error in refusing the motion of the plaintiff, made during the term, to vacate the judgment.

DECIDED JULY 14, 1924.

Garnishment; from Morgan superior court—Judge Park. September 3, 1923.

*J. A. Mitchell,* for plaintiff. *E. W. Butler,* for defendant.

BELL, J. Exception is taken to the refusal of the judge of the superior court to vacate an order discharging a garnishee from liability under a summons served upon it. It appears from the evidence introduced by the movant on the hearing of the motion that it had filed suit against one Head, returnable to the May term, 1922, of Crawford superior court; that pending the suit process of garnishment was instituted in Morgan county and served upon the defendant in error bank in that county on April 11, 1922; that on April 20, 1922, Head filed in the clerk's office of Crawford superior court a dissolution bond with a surety approved by the sheriff of that county; that judgment on the main suit was rendered in favor of the plaintiff in error against Head at the February term, 1923, of Crawford superior court; that at the March term, 1923, of Morgan superior court the defendant in error garnishee, without ever having filed its answer to the summons of garnishment, was discharged from liability thereunder, by virtue of the following order passed by the court, duly entitled in the cause: "It appearing to the court . . that a bond to dissolve

garnishment as provided by section 5280 of the Civil Code of 1911, duly accepted and approved by the sheriff of Taliaferro county, was filed in the suit by the defendant, George Head, copy of which served on the garnishee, it is thereupon ordered by the court, that Bank of Madison, garnishee, be absolved from the process of garnishment served on it; and that said bank be and hereby is discharged in said matter without delay," etc.  On a motion to set aside this order of discharge, made at the same term at which the order was entered, and upon which citation was issued and served, the judge refused to vacate the order of discharge. The record is silent as to the circumstances under which the order discharging the garnishee was taken, and the motion to vacate presents no reason why the plaintiff in error did not have its day in court when the order of discharge was granted.  There was no motion for a new trial and no writ of error from the original judg-- ment of discharge, but it is only to the last judgment, denying the motion to vacate, that exception is taken.

1.  An affidavit for garnishment which contains the following language, "In person before me, justice of the peace in and for the — district, G. M., of said county, came J. A. Davis, who on oath says that he is agent for the American Agricultural Chemical Co., and as such makes this affidavit, who on oath says that George Head is indebted to the American Agricultural Chemical Co.," setting forth the amount and other essential facts, and which is signed "American Chemical Co. by J. A. Davis," was not invalid. It was not the affidavit of the corporation, but of the individual making the same as agent.  *Bennett* v. *Gray,* 82 *Ga.* 592 (2), 595 (9 S. E. 469).  Nor was the garnishment bond invalid as being given without a security, where it recited "We, the American Agricultural Chemical Co., principal, and security, are bound unto George Head in the sum of one thousand dollars" (setting forth the conditions), and was signed both by the plaintiff and by an individual as follows, "American Agr. Chemical Co. (Seal) by J. A. Davis.  B. M. Wilkinson (Seal)."

2.  Subsequent to the passage of the act of 1885 (Ga. L. 1885-6, p. 96), partly embodied in sections 5280 and 5281 of the Civil Code (1910), the liability of a defendant and his surety under a bond given to dissolve a garnishment is conditioned upon the "payment of the judgment that shall be rendered on said garnish-

ment;" and "in case the garnishee fails or refuses to file the answer provided for in this section [5281], judgment by default may be entered against him for such an amount as may have been obtained by judgment against the defendant, which judgment may be enforced against the garnishee, notwithstanding a bond to dissolve the garnishment may have been filed by the defendant." Since it thus appears that under the provisions of the said act a judgment against the garnishee is a condition precedent to a judgment on the bond given to dissolve the garnishment (*Linder* v. *Benson,* 78 *Ga.* 116; *Whitehead* v. *Patterson,* 88 *Ga.* 748, 16 S. E. 66; *Small* v. *Mendel,* 96 *Ga.* 532, 23 S. E. 834), the garnishee is not relieved from all liability growing out of the service of the summons merely because of the filing of a dissolution bond, but it is his duty to make answer under the summons, in order that the court may adjudicate what funds "would have been subject to the garnishment if it had not been dissolved," so that judgment may be entered accordingly on the dissolution bond.   *Garden* v. *Crutchfield,* 112 *Ga.* 274 (37 S. E. 368); *Henry* v. *Lennox-Haldeman Co.,* 116 *Ga.* 9 (2) (42 S. E. 383).   Since the giving of the dissolution bond by the defendant did not operate to relieve the garnishee from its duty to answer, it is unnecessary to decide whether or not the bond to dissolve the garnishment has been properly approved.

3.   "Courts of record maintain full control over orders and judgments during the term at which they are made, and, in the exercise of a sound discretion, may revise or vacate the same, and such discretion will not be controlled by a court of review, unless manifestly abused.   Such discretion, however, is not an arbitrary, but a legal discretion, or, as defined by Bouvier, 'that part of the judicial function which decides questions arising in the trial of a cause, according to the particular circumstances of each case, and as to which the judgment of the court is not controlled by fixed rules of law.'   Therefore, where a question of law alone is properly presented to the court for decision, no discretion is involved, but the point must be decided according to the law governing it." *Van Dyke* v. *Van Dyke,* 120 *Ga.* 984, 986 (48 S. E. 380).   Thus, as was held in the case just cited, where the question raised by the motion to vacate affords no ground for the exercise of the court's discretion, but presents only a pure question of law, his

decision upon the motion to vacate may be brought to this court for review; and since it appears that the original judgment discharging the garnishee from liability was erroneous as a matter of law, the refusal of the court to vacate it on a proper motion made during the term at which it was rendered must be reversed.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*