## 15909.  AMERICAN AGRICULTURAL CHEMICAL COMPANY *v.* BANK OF MADISON.

Where a defendant in fi. fa. had dissolved a garnishment by filing a bond with security, conditioned for the payment of the judgment that should be rendered on the garnishment, pursuant to the provisions of sections 5280 and 5281 of the Civil Code (1910), and the garnishee, after the expiration of the term at which its answer was due in regular course, submitted an answer admitting indebtedness to the defendant in fi. fa. in a stated amount, setting forth grounds why such answer had not been previously filed, and praying that the court allow and file the same nunc pro tunc, and where the plaintiff thereupon filed a written motion to strike the answer as not having been filed in proper time, and the court entered a judgment that, "under all the peculiar facts of this case it would be proper for the court to let this answer be filed," but no subsequent or other judgment or ruling was made in the cause, a bill of exceptions thereto by the plaintiff in garnishment, merely excepting to the allowance of and the refusal to strike the answer, is premature, and this court is without jurisdiction to determine the same. The motion to dismiss must therefore be granted.

DECIDED MAY 18, 1925.

Garnishment; from Morgan superior court—Judge Park. September 2, 1924.

*J. A. Mitchell,* for plaintiff.

*E. W. Butler,* for defendant.

JENKINS, P. J.  When this case was previously before this court on exceptions taken to an order discharging the garnishee and relieving it of the duty to answer the summons in garnishment, and refusing the motion of the plaintiff in garnishment, made during the term, to vacate that judgment, it was held, that "the dissolution of a garnishment by bond does not relieve the garnishee from answering. In case of such dissolution the garnishee must nevertheless answer, but, on answering, is discharged from liability, and the remedy of the plaintiff is on the bond." In the opinion delivered by Judge Bell it was further said: "Since it thus appears that under the provisions of the said act (Civil Code 1910, §§ 5280, 5281), a judgment against the garnishee is a condition precedent to a judgment on the bond to dissolve the garnishment . ., the garnishee is not relieved from all liability growing out of the service of the summons merely because of the filing of a dissolution bond, but it is his duty to make answer under the summons, in order that the court may adjudicate what funds 'would have been subject to the garnishment if it had not been

dissolved,' so that judgment may be entered accordingly on the dissolution bond." *American Agricultural Chemical Co.* v. *Bank of Madison,* 32 *Ga. App.* 473 (2), 475 (123 S. E. 921).

After this judgment, reversing the ruling that the garnishee, because of the dissolution of the garnishment by the defendant, was not required to answer, and that it should be discharged, was made the judgment of the trial court, the garnishee submitted to the trial court its answer, admitting a stated indebtedness to the defendant at the time of service of the summons, and setting up its reliance on the previous ruling that it was not required to answer, and other grounds why its answer should be allowed nunc pro tunc. In objecting to its allowance the plaintiff filed a written motion to strike. At the same time it filed also a written motion to enter a judgment by default against the garnishee, because no answer had been filed in the time required by law. It appears, however, that the only judgment entered by the trial court was an order allowing the answer to be filed, and that no action whatever was taken on the motion to enter judgment by default for the plaintiff. It further appears that the only exceptions taken are to the order thus entered,—that is, to "the refusal of the court to strike the said answer upon the motion filed by the said plaintiff in error," and in the bill of exceptions it is set forth merely that said judgment "was a final determination of garnishee's right to file answer." It is true that the bill of exceptions uses the following language, "the decision of the Court of Appeals made it the law of the case that judgment should be entered in favor of the plaintiff in garnishment," but this is set forth merely as a reason why the order actually taken and the refusal of the motion to strike the answer were error.

Under the provisions in sections 5282 and 5283 as they existed prior to the amendment in 1901, a judgment by default against a garnishee failing to answer could be taken only where a *claimant,* other than the defendant, filed bond and dissolved the garnishment; in which event, under the then and still existing provisions in the latter section, "if said garnishee fails to answer within the time required by the laws of this State, judgment shall be had against him, and he shall be liable thereon, notwithstanding any bond that may have been executed by any *claimant* of the fund or property in his hands." Accordingly, it was held, in 1900,

that in a case where the *defendant* had dissolved the garnishment, although "it is the duty of the garnishee to answer notwithstanding this fact, . . the law does not authorize a judgment by default to be entered against the garnishee if he fails or refuses to answer;" and it was suggested that a rule against the garnishee ·for contempt would be the only proper remedy. *Garden* v. *Crutchfield,* 112 *Ga.* 274, 278 (37 S. E. 368). This ruling, however, was· before the amendment of the law relating to dissolutions by defendants. In the year 1901 the provisions, now in section 5281, were amended by adding these words: "In case the garnishee· fails or· refuses to file the answer provided for in this section,· judgment by default may be entered against him for such an amount as may have been obtained by judgment against the defendant, which judgment may be enforced against the garnishee,· notwithstanding a bond to dissolve the garnishment may have been filed by the *defendant;* and upon such judgment being entered, judgment may be had for the amount thereof against the defendant and the sureties on the bond to dissolve the garnishment." (Italics ours.) Ga. L. 1901, p. 43.

Under the present law, therefore, the judgment of the trial court in refusing to strike the garnishee's motion to answer and in allowing the filing of the answer was not a final judgment; nor· would a judgment in accordance with the contention of the plain-· tiff in garnishment have been final. Civil Code (1910), § 6138. If the answer should be taken as having been properly allowed and· filed, it would follow that the plaintiff would be entitled to obtain a judgment against the funds thus shown to be in the garnishee's hands, for the purpose of showing "what funds would' have been subject to the· garnishment if it had not been dissolved,"· and on doing this the plaintiff could proceed under section 5280 to "enter up judgment upon such bond against the principal and securities, as judgment may be entered against securities upon appeal." The order allowing the answer admitting indebtedness can not, therefore, be taken as in any sense a final judgment. The procedure requires that a judgment shall be first entered for the amount admitted to be held by the garnishee, as limited by the amount of the previous judgment against the defendant. This is a condition precedent to judgment on the dissolution bond against· the defendant and his security. *Smith* v. *Kennedy,* 125 *Ga.* 830

(1) (54 S. E. 731) ; previous ruling in this case, 32 *Ga. App.* 473, 475 (123 S. E. 921). If, on the other hand, the order overruling the motion to strike the motion to answer and the answer should be taken as erroneous, then, under section 5281 as now amended by the act of 1901, "judgment by default may be entered against [the garnishee] for such an amount as may have been obtained by judgment against the defendant, which judgment may be enforced against the garnishee, notwithstanding a bond to dissolve the garnishment . ., and upon such judgment being entered, judgment may be had for the amount thereof against the defendant and the sureties on the bond given to dissolve the garnishment."

The record in the instant case shows, that, prior to the instant judgment, the plaintiff had obtained judgment against the defendant in the suit on which the garnishment was based, for $447.81 principal, $41 interest to date, future interest at 8 per cent., and costs of court. The answer sought to be filed by the garnishee and allowed by the trial court admitted indebtedness in the sum of $1,043.19. The written motion of the plaintiff to enter judgment by default, above referred to, but on which no ruling appears to have been made and no exceptions are taken, did not move for judgment in any particular amount. But even if the general motion of the plaintiff to enter judgment by default against the garnishee could be taken as sufficiently specific as to amount, since there does not appear to have been any ruling thereon, and since no exception is taken to any refusal to enter such a judgment, it can not be said, under any view of the case as disclosed by the record, that if a judgment had been rendered in accordance with the plaintiff's contention, it would have been a final determination of the cause. The proceedings to this time are merely interlocutory. The writ of error, being therefore premature, must be dismissed.

Leave, however, is granted to file in the court below a copy of this bill of exceptions as exceptions pendente lite.

*Writ of error dismissed. Stephens and Bell, JJ., concur.*