## 16954.  AMERICAN AGRICULTURAL CHEMICAL COMPANY *v.* BANK OF MADISON.

Where a garnishee had not filed an answer before or during the second term, or even at the time of the plaintiff's motion for a judgment against it, but did appear at the time of the motion and make the contention that an answer was not necessary, because the garnishment had been dissolved, and where the court sustained this contention and rendered a judgment by which the garnishee was relieved from answering and "absolved from the process," and where, although this contention and the judgment sustaining it were erroneous, the garnishee tendered its answer promptly upon the adjudication by this court reversing the trial court and holding that an answer was necessary, and where there was nothing to show that the contention of the garnishee was not in good faith, the court did not err in allowing the garnishee to file the answer, or in refusing a subsequent motion to strike it on the ground that it was too late.

DECIDED MAY 14, 1926.

Garnishment; from Morgan superior court—Judge Park. October 16, 1925.

*J. A. Mitchell*, for plaintiff.

*E. W. Butler, King, Spalding, MacDougald & Sibley*, for defendant.

BELL, J.  This is a garnishment case. The defendant having dissolved the garnishment by giving bond, the garnishee conceived that it was not required to answer. The plaintiff moved for judgment against it for the amount of the judgment the plaintiff had obtained against the defendant, the principal debtor. The gar-

---

Appeal and Error, 4 C. J. p. 802, n. 74 New.

Garnishment, 28 C. J. p. 288, n. 99 New; p. 289, n. 1 New.

nishee thereupon invoked and obtained an adjudication that the dissolution of the garnishment relieved it of the duty of answering and that the garnishee "be absolved from the process." The plaintiff duly moved to vacate this judgment. The motion was overruled and the plaintiff excepted. Thus the case stood when it was before this court on a former occasion. *American Agricultural Chemical Co.* v. *Bank of Madison*, 32 *Ga. App.* 473 (123 S. E. 921). In the decision then rendered we held that the garnishee was not relieved from making answer, and remanded the case to the trial court for further proceedings. The garnishee then moved to be allowed to answer, and pleaded, as a reason for its failure to answer earlier, that it had relied on the dissolution bond as a discharge from the summons and on the judgment of the court sustaining its claim of such discharge. The court, over objections by the plaintiff, allowed the garnishee to file the answer. The plaintiff moved to strike it, and, the motion being overruled, the plaintiff excepted. The bill of exceptions was dismissed as being premature, but leave was granted to treat the official copy as exceptions pendente lite. See 34 *Ga. App.* 62 (128 S. E. 208). The plaintiff moved again in the lower court for a judgment against the garnishee. The court overruled the motion, and entered final judgment discharging the garnishee on its answer, and the plaintiff once more excepted. The only question for determination is whether the court erred in refusing to strike the answer because of the delay in filing it; for if the answer was in time, the final judgment absolving the garnishee from further liability necessarily followed.

In *Owen* v. *Moseley,* 161 *Ga.* 62 (129 S. E. 787), the Supreme Court said: "A proper construction of the statute is that the answer of the garnishee is not too late at any time, if it comes before or at the time the plaintiff moves to enter up judgment against the garnishee for the amount of the judgment he has obtained against the principal debtor." In the light of the question which was then before the court for decision, it is clear that if the answer "comes before or at the time the plaintiff moves to enter up judgment against the garnishee," no matter when such motion is made, the garnishee may stand upon absolute right, without showing any reason for his failure to answer earlier. In the present case the garnishee had not answered before, and failed

to answer at the time of the plaintiff's motion for judgment, and it was therefore necessary for it to show some reason legally sufficient to excuse the failure. *Dannenberg Co.* v. *Adler-May Co.,* 137 *Ga.* 111, 113 (72 S. E. 906). In *Mashburn* v. *Harrell,* 12 *Ga. App.* 327, 328 (77 S. E. 207), this court said: "It is not within the discretion of the court to extend the time allowed by law to the garnishee for filing his answer, unless the reason or explanation of the delay depends upon something more substantial that the garnishee's assertion of ignorance of the law." In the instant case, however, there was "something more substantial than the garnishee's assertion of ignorance of the law." The garnishee came into court, responded to the plaintiff's motion for judgment, and contended that an answer was not required. What is more, it sought and obtained a judgment sustaining its contention. While it is true that the position taken was unsound and the judgment in its favor was erroneous, there is no suggestion that its contention was not made in good faith, and, in the absence of anything to the contrary, it is to be presumed that if the court had overruled its contention and adjudged an answer to be necessary, it would have complied duly with the court's order, since to have done so would have been a compliance with the law. Considering these circumstances in connection with the fact that the garnishee tendered its answer promptly upon the final adjudication that it was necessary for the answer to be made, we think the court was warranted in allowing the answer filed and in refusing the subsequent motion to strike it. See, in this connection, *McCallum* v. *Brandt,* 48 *Ga.* 440; *Russell* v. *Freedman's Bank of Macon,* 50 *Ga.* 576; *Atlanta Journal* v. *Brunswick Publishing Co.,* 111 *Ga.* 718 (36 S. E. 929); *Averback* v. *Spivey,* 122 *Ga.* 18 (4) (49 S. E. 748); *Dannenberg Co.* v. *Adler-May Co., Owen* v. *Moseley,* supra.

We say the court's ruling was authorized or "warranted." It is unnecessary here to determine whether in the exercise of discretion the court could have ruled otherwise.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*