20907.  DRURY v. WAYNESVILLE MERCANTILE COMPANY.

JENKINS, P. J.  1. Where a person whom it is sought to garnish resides in a different county from that in which the suit is pending or in which judgment was obtained, it is the duty of the officer taking the affidavit and bond for garnishment to make out a copy thereof, certify it to be true, and deliver it to the plaintiff, or his agent or attorney at law, and on the delivery of such certified copy to any officer authorized to issue attachments, of the county where the garnishee resides, such officer shall issue summons of garnishment to such person as he may be directed by the plaintiff, his agent or attorney at law, requiring such person to make answer at the next term of the proper court of the county of the garnishee's residence. Civil Code (1910), § 5277.

2. In any case when garnishment has been issued, the defendant in the suit or fi. fa. may dissolve the garnishment on filing with the proper officer of the court *where suit is pending or judgment was obtained* a

bond with good security, payable to the plaintiff, conditioned for the payment of the judgment that shall be rendered in the garnishment proceeding. The plaintiff may enter judgment upon such bond against the principal and the securities, as judgments are entered against securities upon appeal, whenever the plaintiff shall obtain judgment against the property or funds against which garnishment was issued. Civil Code (1910), § 5280. The garnishee, however, is not relieved from all liability growing out of the service of the summons, merely because of the filing of a dissolution bond, but it is his duty to make answer under the summons, in order that the court may adjudicate what funds "would have been subject to the garnishment if it had not been dissolved," so that judgment may be entered accordingly on the dissolution bond. *Garden* v. *Crutchfield*, 112 *Ga.* 274 (37 S. E. 368); *Henry* v. *Lennox-Haldeman Co.*, 116 *Ga.* 9 (2) (42 S. E. 383); *American Agr. Chemical Co.* v. *Bank of Madison*, 32 *Ga. App.* 473 (2), 475 (123 S. E. 921).

3. Thus, upon the institution of a garnishment proceeding against a person residing in a county different from that in which the suit is pending or judgment has been obtained, on compliance with section 5277 of the Civil Code (1910), the court of the garnishee's residence, to which the summons of garnishment is made returnable, acquires jurisdiction of the garnishee for the sole purpose of entertaining his answer and determining what funds or property, if any, are held by him subject to the process, but has no jurisdiction over the defendant of another county against whom suit is pending or judgment has been obtained, or against the signers of the dissolution bond filed by the defendant in the county where suit is pending or judgment has been obtained; since the court *in which suit is pending* retains jurisdiction thereof and over all persons garnished who reside in that county. While any number of garnishments may be issued against persons in any number of counties, all based upon the same pending suit, and upon the same original affidavit and bond, and while the courts of the counties in which the garnishees respectively reside have jurisdiction to determine whether the persons so garnished are subject to the process, it is the court in which the suit is pending and in which the bond dissolving the garnishment must be filed that possesses sole jurisdiction over the defendant giving the dissolution bond and the sureties thereon.

4. In the instant case, where garnishment process was sued out in the county in which the suit was pending, and a certified copy of the affidavit and bond issued and transmitted to another county for the purpose of garnishing a person residing in the latter county, and the defendant thereafter dissolved the garnishment in the county in which the suit was pending, the court to which the summons of garnishment was returnable in the second county had no jurisdiction over the defendant or the sureties on the dissolution bond, and could not enter judgment thereon. Accordingly, the affidavit of illegality in the instant case, setting up such ground, should have been sustained.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 20, 1931.

*Gibbs & Turner,* for plaintiff in error.
*Travis & Travis, Hester & Lewis,* contra.